**Josefina CABRALES, et al.,**
**Plaintiffs–Appellees,**

v.

**COUNTY OF LOS ANGELES; Ronald Black, Defendants–Appellants.**

**Josefina CABRALES,**
**Plaintiff–Appellant,**
**Cross–Appellant,**

v.

**COUNTY OF LOS ANGELES; Ronald Black, Defendants–Appellees,**
**Cross–Appellees.**

**Nos. 87–6061, 87–6371 and 87–6306.**

United States Court of Appeals,
Ninth Circuit.

Sept. 21, 1989.

Before FARRIS and WIGGINS, Circuit Judges, and CROCKER,* District Judge.

## ORDER

In *Cabrales v. County of Los Angeles,* 864 F.2d 1454 (9th Cir.1988), *vacated* — U.S. ——, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989), we upheld a jury verdict in favor of Mrs. Cabrales on her section 1983 claim against the County of Los Angeles. The Supreme Court vacated our opinion and remanded for consideration in light of *City of Canton v. Harris,* — U.S. ——, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). That decision clearly does not undermine our separate conclusions that, first, the County failed to preserve its sufficiency of the evidence arguments because it did not move for a directed verdict, and second, that the California statute of limitations did not bar Mrs. Cabrales's claim against defendant Black. We thus need only consider whether *Harris* alters our conclusions that the district court properly denied summary judgment against Mrs. Cabrales because there were disputed issues of fact as to whether the County had a policy manifesting a deliberate indifference to the needs of pretrial detainees; and whether the jury was properly instructed that the County could be held liable under section 1983 only if there was sufficient evidence of such a policy. We conclude that *Harris* does not alter our previous opinion on either of these points.

In *Harris,* the Supreme Court determined that a municipality can be held liable for a constitutional policy if it is culpable for an unconstitutional application of its policy. The Court then held that a municipality is culpable if its failure adequately to train police officers exhibits a "deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 1204. By contrast, in *Cabrales* we held that there were disputed issues of fact as to whether the County's policy of understaffing the jail with psychiatrists was itself unconstitutional under the fourteenth amendment. To be unconstitutional required a showing that the County had a policy of "deliberate indifference" to the medical needs of prisoners. 864 F.2d at 1461. Because the policy of understaffing was considered unconstitutional, there was no need for us to determine separately whether the County could be held culpable for an unconstitutional application of its policy.

Accordingly, we order that our previous decision be REINSTATED.

---

\* Hon. M.D. Crocker, United States Senior District Judge for the Eastern District of California, sitting by designation.