892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tony LUCA, Plaintiff-Appellant
v.
Joseph SCALZO, et al., Defendants-Appellees.
 No. 89-15572.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1989.*
Decided Dec. 18, 1989.
 
 Before HALL, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On February 10, 1989, appellant Tony Luca, an Arizona state prisoner, filed this action in district court alleging inadequate medical treatment by Dr. Joseph Scalzo, Medical Administrator of the Arizona Department of Corrections, and Walt Roberts, a Correctional Medical Assistant. He sought a complete physical and mental examination. The district court treated the complaint as asserting a cause of action under 42 U.S.C. § 1983. After granting Luca leave to proceed in forma pauperis, the district court on March 3 ordered Luca to file an amended complaint by March 31, because the original complaint contained conclusory allegations that Luca suffers from various medical maladies and these allegations were not supported by factual assertions indicating how each of the defendants caused Luca's ailments.
 
 
 3
 On March 8, Luca filed a "Reply", in which he attempted to specify specific prison conditions in support of his claim. On March 22, the district court again ordered Luca to file an amended complaint, this time by April 7. The court found that Luca's "Reply" was insufficient to constitute an amended complaint for two reasons. First, Luca failed to name Walt Roberts in the new document. If the Reply were treated as an amended complaint, a necessary yet harsh consequence would be that Luca's cause of action could no longer be asserted against Roberts, and thus could only be directed against Scalzo. This is because an amended complaint supercedes the previous complaint. Second, none of the allegations in the Reply were directed specifically against Scalzo. Accordingly, the court gave Luca another chance to amend his complaint, specifying that such "complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference," and warning Luca that failure to do so would result in dismissal of the action. On April 5, Luca filed a one-paragraph motion that apparently sought to clarify Scalzo's relation to the claims, stating that Scalzo is legally responsible for both the operation of institutional medical services and the health and welfare of inmates. But because Luca never filed an amended complaint by April 7, the district court dismissed the action without prejudice.
 
 
 4
 An action filed under the in forma pauperis statute can be dismissed sua sponte prior to service of process if it is "frivolous" within the meaning of the statute, 28 U.S.C. § 1915(d). Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). "Frivolous" means either that the claim for relief is "based on an indisputably meritless legal theory" or that the claim's "factual contentions are clearly baseless." Id. at 1833. If this standard is not met, the claim should proceed and responsive pleadings should be filed, although the claim might not survive a subsequent motion to dismiss under the less forgiving standard of Fed.R.Civ.P. 12(b)(6). See id. at 1830. Our circuit has explicitly recognized that conclusory allegations cannot survive a motion made pursuant to Rule 12(b)(6). Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1155 (9th Cir.1989) (citation omitted).
 
 
 5
 The district court never pronounced Luca's complaint "frivolous." Indeed, by asking Luca repeatedly to amend his complaint, the court in effect indicated that it lacked sufficient understanding to determine whether Luca's cause of action was viable at all. The court finally dismissed the action not because it was indisputably frivolous, but because Luca failed to clarify his allegations. Nevertheless, we can affirm the district court's decision on any ground finding support in the record. See Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987). And the record makes clear that Luca's action was in fact frivolous.
 
 
 6
 Luca asserted meritless legal theories in support of his § 1983 claim that the medical attention provided him in prison constituted cruel and unusual punishment. To support such an eighth amendment claim, a prisoner must show that the medical services provided to him "are so deficient that they reflect a deliberate indifference to [his] serious medical needs." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This indifference must be substantial. Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). But Luca's contentions unquestionably cannot establish deliberate indifference on Scalzo's part. He asserts that he should be granted a medical furlough to a Veterans Medical Center with state-of-the-art medical and rehabilitative services. But the fact that the prison lacks the most sophisticated services available does not support a claim of cruel and unusual punishment. Similarly, Luca apparently asserts that the stress of prison life led to his illness; but this is tantamount to saying that imprisonment itself constitutes cruel and unusual punishment.
 
 
 7
 Luca also claims he is fed a diet high in cholesterol and saturated fats that leads to illness. But he never claims that the medical staff refuses to treat such illnesses; surely the food itself cannot be evidence of cruel and unusual punishment. The same can be said of Luca's contention that it is unhealthy for him to be forced to live in close proximity to smokers, and of the assertion that the prison is located near water pollution, prior waste dumps and landfills. Luca also claims that physicians and nurses are more interested in money than in good health care. Even assuming the truth of this claim, however, it cannot establish that such individuals have acted with deliberate indifference for his legitimate medical needs, or that Scalzo is responsible for any poor attitudes exhibited by the medical staff.
 
 
 8
 Finally, Luca apparently contends that the court should grant a declaratory judgment stating that the prison's failure to have staff on "sick call" on weekends and holidays due to understaffing violates the eighth amendment. Understaffing of medical personnel can support a prisoner's § 1983 claim of cruel and unusual punishment. See Cabrales v. County of Los Angeles, 864 F.2d 1454, 1461 (9th Cir.1988) (understaffing such that "psychiatric staff could only spend minutes per month with disturbed inmates" supported jury's finding of deliberate indifference), vacated, 109 S.Ct. 2425 (1989), decision reinstated, 886 F.2d 235 (9th Cir.1989). But the mere fact that staff is not on "sick call" seven days a week cannot constitute deliberate indifference to the medical needs of prisoners. Luca does not contend that emergency treatment is unavailable during weekends and holidays. As for non-emergency medical needs, the prison's failure to provide regular medical office hours for two out of every seven days is not evidence of serious understaffing establishing deliberate indifference.
 
 
 9
 Because Luca's theories are without arguable merit, his action was frivolous within the meaning of 28 U.S.C. § 1915(d). Accordingly, the district court's dismissal is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3