21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald BRUGGEMAN, Plaintiff-Appellant,
v.
Sam LEWIS, et al., Defendants-Appellees.
 No. 93-15479.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Ronald J. Bruggeman appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action prior to service of process.[1] Bruggeman, who claims to suffer from psychological problems, contends that defendants (a) violated his Eighth Amendment rights by exercising deliberate indifference to his medical needs; and (b) violated his rights under the Due Process Clause by denying him access to appropriate counselling and rehabilitation for his psychological disorders. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part as to Bruggeman's due process claim and reverse and remand to the district court as to his Eighth Amendment claim.
 
 
 3
 We review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Pursuant to 28 U.S.C. Sec. 1915(d), the district court may dismiss an action sua sponte before service of process if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325.
 
 
 4
 To state a cause of action under Sec. 1983, the plaintiff must allege that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 Due process violation
 
 5
 A protected liberty interest may arise either from the Due Process Clause itself, or from the laws of the states. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). In order for a liberty interest to arise from a state law or regulation, the statute must place substantive limitations on the exercise of official discretion. Olim v. Wakinekona, 461 U.S. 238, 249 (1989); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985).
 
 
 6
 There is no constitutional right to a prisoner's rehabilitation under the Fourteenth Amendment. Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982).
 
 
 7
 Here, Bruggeman proffered no evidence of any state law which creates a property or liberty interest in rehabilitation. Thus, Bruggeman's claim of a constitutionally protected right to a sex offender treatment program has no arguable basis in law or fact. See Rizzo, 778 F.2d at 530; Baumann, 754 F.2d at 846; Hoptowit, 682 F.2d at 1255. Accordingly, the district court did not abuse its discretion when it dismissed his substantive due process claim before service of process. See Neitzke, 490 U.S. 325; Karim-Panahi, 839 F.2d at 624.
 
 Deliberate medical indifference
 
 8
 To show a violation of the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Hudson v. McMillian, 112 S.Ct. 995, 998 (1992); Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference may be manifested in two ways: either when prison officials deny, delay or intentionally interfere with medical treatment, or by the way that prison physicians provide medical care. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992). To determine deliberate indifference, the court must focus on "the seriousness of the prisoner's medical needs and the nature of the defendant's response to that need." Id. at 1059. The response to a prisoner's medical needs includes treatment for serious mental disorders. United States v. Kidder, 869 F.2d 1328, 1330 (9th Cir.1989); Cabrales v. County of Los Angeles, 864 F.2d 1454, 1459 (9th Cir.1988), vacated, 490 U.S. 1087, reinstated, 886 F.2d 235 (9th Cir.1989), cert denied, 494 U.S. 1091 (1990); Hoptowit, 682 F.2d at 1253.
 
 
 9
 Here, since his incarceration in 1990, Bruggeman claimed that he had been suffering from suicidal tendencies, "severe bouts of depression and anxiety," and "emotional distress and further mental deterioration," yet defendants denied him access to counselling or psychological treatment. To support his claim, Bruggeman alleged that in December 1990 officials at the Pima County jail placed him in an observation cell for about a week in response to his suicidal tendencies. Moreover, he alleged that while he was released on bail in 1990, the trial court ordered that he receive psychological treatment. Thus, Bruggeman states an arguable claim that defendants were deliberately indifferent to his medical needs. See Hudson, 112 S.Ct. at 998; McGuckin, 974 F.2d at 1060; Kidder, 869 F.2d at 1330; Cabrales, 864 F.2d 1459.
 
 
 10
 Because it is not clear that Bruggeman could not state a violation of his Eighth Amendment rights, the district court abused its discretion when it dismissed his Sec. 1983 action prior to service of process. See Neitzke, 490 U.S. at 324; Karim-Panahi, 839 F.2d at 624. The order of dismissal is therefore reversed, and the matter remanded to the district court to give Bruggeman an opportunity to serve his complaint.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court dismissed Bruggeman's complaint prior to service of process, it is construed as a 28 U.S.C. Sec. 1915(d) dismissal. See Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989)