60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eric SCHROEDER, Plaintiff-Appellant,
v.
Gary KAPLAN, HMSF Residency Section Supervisor; Daryl
Directo, prison guard; Robert Johnson, prison guard;
William Oku, former HCF Warden; Cinda Sandin, HHSF
Residency Section Supervisor; Howard Apao, prison guard;
Thomas Lau, prison guard; Roland Ahuna, prison guard;
Allen Anduha, prison guard; Tara Harper, counselor; John
Smythe, HCF Warden; and George Sumner, PSD Director,
Defendants-Appellees.
 No. 93-17123.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Schroeder, a Hawaii state prisoner, appeals pro se the district court's grant of defendants' motion for summary judgment based on a finding of qualified immunity in his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Government officials are entitled to qualified immunity where the right which the officials have allegedly violated was not clearly established at the time the conduct occurred such that a reasonable person would have known that the conduct in question was unlawful. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); ACT UP!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). To establish that a right was clearly established, plaintiff " 'must show that the particular facts of [plaintiff's] case support a claim of clearly established right.' " Doe v. Petaluma City Sch. Dist., No. 94-15917, slip op. 5251, 5256 (9th Cir. May 12, 1995) (citing Backlund v. Barnhart, 778 F.2d 1386, 1389 (9th Cir.1985)) (emphasis original). "Absent binding precedent," we " 'look to all available decisional law including decisions of [other courts] to determine whether the right was clearly established.' " Id. (citations omitted).
 
 
 4
 A. Exposure to Environmental Tobacco Smoke Claim
 
 
 5
 In his first and second causes of action, Schroeder stated that defendants were deliberately indifferent to his existing medical needs by exposing him to environmental tobacco smoke ("ETS") when they housed him with smoking cellmates during 1990 and up to March 1991.[1] Schroeder contends that the district court erred by granting defendants qualified immunity on these claims. This contention lacks merit.
 
 
 6
 At the time of the conduct in question, our decisions had not clearly established that it was a violation of the Eighth Amendment to house a prisoner with a smoker where the prisoner had a pre-existing medical condition which would be affected by exposure to ETS. In 1981, we concluded that assigning a prisoner with a throat tumor to a cell with a heavy smoker arguably stated an Eighth Amendment claim of cruel and unusual punishment. Franklin v. Oregon, 662 F.2d 1337, 1346-47 (9th Cir.1981). In February 1991, citing Franklin, we stated that "[i]n this circuit, it is established that exposure to ETS by people who are sensitive to ETS because of pre-existing conditions may constitute cruel and unusual punishment." McKinney v. Anderson, 924 F.2d 1500, 1504 (9th Cir.) ("McKinney I"), vacated and remanded sub nom. Helling v. McKinney, 502 U.S. 903 (1991) ("McKinney II"), reinstated, 959 F.2d 853 (9th Cir.1992) ("McKinney III"), aff'd and remanded sub nom. Helling v. McKinney, 113 S.Ct. 2475 ("McKinney IV"), remanded on remand, 5 F.3d 365 (9th Cir.1993).
 
 
 7
 In October 1991, however, we stated that "prison officials' qualified immunity ... bars [a prisoner's] claim for money damages" regarding the prisoner's assignment to a cell with a heavy smoker despite the prisoner's pre-existing allergy to cigarette smoke. Johnson v. Moore, 948 F.2d 517, 522 n. 3 (9th Cir.1991). Johnson illustrates that this court did not consider the right to be free from exposure to ETS to be clearly established prior to October 1991. Therefore, although Johnson was decided a few months after the conduct in question, we conclude that it demonstrates that the right to be free from exposure to ETS was sufficiently unclear during 1990 and 1991 such that a reasonable government official would not have known what specific conduct was illegal.[2]
 
 
 8
 Therefore, we conclude that the district court correctly granted defendants qualified immunity on Schroeder's first and second causes of action. See Doe, No. 94-15917, slip op. at 5256.[3]
 
 B. Sleeping on the Floor of Cell Claim
 
 9
 In support of his fourth cause of action, Schroeder submitted a declaration stating that "during most of March 1991," he slept on the "cold" concrete floor of his cell "in an air-conditioned climate around the low 50 degree range."[4] Schroeder contends that the district court erred by granting defendants' motion for summary judgment on this claim. This contention lacks merit.
 
 
 10
 We have held that it did not violate a prisoner's Eighth Amendment rights to require a prisoner to sleep on the floor of his cell without a mattress for one night. See Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir.1988), vacated on other grounds and remanded, 493 U.S. 801 (1989), modified on remand, 919 F.2d 573 (9th Cir.1990), vacated on other grounds and remanded, 504 U.S. 25, remanded on remand, 966 F.2d 533 (9th Cir.1992). Although the Supreme Court has stated that a condition of confinement which does not violate the Eighth Amendment when it exists for just a few days may constitute a violation when it exists for "weeks or months," see Hutto v. Finley, 437 U.S. 678, 686-87 (1978), this observation does not provide clear guidance to prison officials as to how much time must pass before requiring a prisoner to sleep on the floor of a cell without a mattress may constitute an Eighth Amendment violation.
 
 
 11
 Our holding that a prison official's failure to provide a mattress or bed for a pre-trial detainee for two nights which required the detainee "to sleep on the cement floor" violated the Fourteenth Amendment rights of a pre-trial detainee does not support Schroeder's argument that he had a similar, clearly-established right under the Eighth Amendment. See Thompson v. City of Los Angeles, 885 F.2d 1439, 1448 (9th Cir.1989). While it is true that we look to the Eighth Amendment when determining the Fourteenth Amendment rights of pre-trial detainees,[5] because the Eighth Amendment permits the government to impose some forms of punishment on prisoners whereas the Fourteenth does not allow any punishment of pre-trial detainees, the Eighth Amendment protects a narrower class of interests than does the Fourteenth. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1978) (discussing relationship between Eighth and Fourteenth Amendments); Redman v. County of San Diego, 942 F.2d 1435, 1442 (9th Cir.1991) (same), cert. denied, 502 U.S. 1074 (1992); cf. Doe, No. 94-15917, slip op. at 5261 (availability of theory of liability under Title VII, which prohibits discrimination in employment, does not demonstrate clearly established right to utilize that theory of liability under Title IX, which prohibits discrimination in education).
 
 
 12
 Where, as here, there is no binding precedent from our circuit, we examine "all available decisional law ... to determine whether the right was clearly established." Doe, No. 94-15917, slip op. at 5256 (citations and internal quotation marks omitted). In the majority of decisions where the court considered whether failure to provide a mattress to an inmate violated the Eighth Amendment, the failure was accompanied by other factors--e.g., extreme cold, lack of sanitary conditions, solitary confinement, inadequate clothing, or improper diet. See, e.g., Sellars v. Beto, 409 U.S. 968, 969 (1972) (solitary confinement, in cell 24 hours a day, only fed bread and water, no mattress); Rodgers v. Thomas, 879 F.2d 380, 385 (8th Cir.1989) (no toilet or sink, clothing confiscated, only allowed to shower once every five days, no mattress); French v. Owens, 777 F.2d 1250, 1253 (7th Cir.1985) (shackled to bed, sometimes stripped, denied right to use toilet, had to lie in own excrement, no mattress), cert. denied, 479 U.S. 817 (1986). Because the "particular facts" in these decisions are vastly more egregious than those which Schroeder alleges, these decisions do not support his claim that there was a clearly established right under the Eighth Amendment to be provided with a mattress when required to sleep on the floor. See Doe, No. 94-15917, slip op. at 5256.[6]
 
 
 13
 Because we are unable to conclude that the particular facts which constitute Schroeder's fourth cause of action support a claim of clearly established right, we conclude that the district court properly granted defendants qualified immunity on this claim. See Doe, No. 94-15917, slip op. at 5256.[7]
 
 
 14
 AFFIRMED.
 
 FLETCHER, Circuit Judge, dissenting:
 
 15
 I dissent.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, appellant's request for oral judgment is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Schroeder does not appeal the district court's grant of summary judgment on his third cause of action which alleged deliberate indifference to an unreasonable risk of future harm from exposure to ETS
 
 
 [2]
 In addition, there was sufficient conflict among the circuits regarding the right to be free from exposure to ETS during this time period to prevent a reasonable government official from understanding that there was such a clearly established right. Compare Steading v. Thompson, 941 F.2d 498, 500 (7th Cir.1991) (prison officials violate the Eighth Amendment when they ignore the effects of exposure to ETS on existing medical conditions), cert. denied, 502 U.S. 1108 (1992) with Wilson v. Lynaugh, 878 F.2d 846, 851-52 (5th Cir.) ("evolving standards of decency" did not yet dictate that the Eighth Amendment provided a right to be free from exposure to ETS), cert. denied, 493 U.S. 969 (1989)
 
 
 [3]
 Because the district court correctly found that Schroeder's claim of inadequate ventilation was not independent from his claim of exposure to ETS, the district court properly granted defendants' motion for summary judgment on Schroeder's fifth cause of action
 
 
 [4]
 Although the district court analyzed defendants' claim for qualified immunity with the implicit assumption that Schroeder had been provided with a mattress, we conclude that Schroeder's sworn statement is sufficient to raise a genuine issue that prison officials did not provide him with a mattress when he was required to sleep on the floor of his cell. Therefore, we conduct our qualified immunity analysis with the assumption that Schroeder was not provided with a mattress
 
 
 [5]
 See Cabrales v. County of Los Angeles, 864 F.2d 1454, 1461 n. 2 (9th Cir.1988), vacated and remanded, 490 U.S. 1087, reinstated, 886 F.2d 235 (9th Cir.1989), cert. denied, 494 U.S. 1091 (1990)
 
 
 [6]
 In addition, district courts have reached inconsistent conclusions concerning whether failure to provide a mattress violated the Eighth Amendment. See, e.g., Morrison v. Martin, 755 F.Supp. 683, 686 (E.D.N.C.) (occasional deprivation of mattress does not violate Eighth Amendment), aff'd, 917 F.2d 1302 (4th Cir.1990); Blackmon v. Derobertis, 1989 U.S.Dist. LEXIS 3323 * 11 (N.D.Ill. Mar. 24, 1989) (four-day deprivation of mattress does not violate Eighth Amendment); Lee v. Carlson, 645 F.Supp. 1430, 1436 (S.D.N.Y.1986) (placed in holding cell without mattress or blanket for two days may state Eighth Amendment claim), aff'd, 812 F.2d 712 (2d Cir.1987); O'Connor v. Keller, 510 F.Supp. 1359, 1372 (D.Md.1981) (48 hours in isolation cell without mattress or blanket states Eighth Amendment violation); Laaman v. Helgemoe, 437 F.Supp. 269, 310 (D.N.H.1977) (solitary confinement cells without mattress or blanket are inadequate); Landman v. Royster, 354 F.Supp. 1302, 1317 (E.D.Va.1973) (same)
 
 
 [7]
 Schroeder contends that the district court abused its discretion in failing to exercise pendent jurisdiction over his state law claims. Because the district court had granted defendants' motion for summary judgment on all of Schroeder's federal claims, we conclude that the district court did not abuse its discretion in refusing to exercise its pendent jurisdiction. See Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir.1992) (district court has discretion to exercise pendent jurisdiction, especially where no federal claims remain), cert. denied, 113 S.Ct. 1644 (1993)