125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steve SWARTZ, Plaintiff-Appellant,
v.
Gale STEINHAUSER; Linda Bouwens, Utilization Management
Coordinator, Correctional Health Services; Dr. Jorgenson;
Joe Arpaio, Sheriff; Captain Alster, Jail Commander; C.J.
Beddome, External Referee, Defendants-Appellees.
 No. 97-15721.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-95-01291-PGR; Paul G. Rosenblatt, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steve Swartz, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison officials ("defendants") in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's grant of summary judgment de novo. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). "Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." Id.
 
 
 4
 Swartz contends that defendants were deliberately indifferent to his dental needs by refusing to repair the fillings in his teeth and failing to see him promptly. We disagree.
 
 
 5
 "[T]he eighth amendment requires that prisoners be provided with a system of ready access to adequate dental care." Id.[1] "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay, or intentionally interfere with medical treatment.' " Id. at 201 (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). Mere indifference, medical malpractice, or negligence is not enough, see Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980) (per curiam); a prisoner must allege facts sufficient to indicate a culpable state of mind on the part of prison officials, see Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). A difference of opinion regarding the proper course of treatment does not rise to the level of deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Mere delay in providing a prisoner with dental treatment, without more, does not amount to an Eighth Amendment violation, unless the delay was harmful. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam).
 
 
 6
 Here, the record shows that Swartz was offered dental treatment in the form of extraction of teeth as the most appropriate treatment for his dental problems. The fact that Swartz disagreed with the procedure and refused treatment twice indicates only a difference in opinion and not deliberate indifference by defendants. See Sanchez, 891 F.2d at 242. Swartz has failed to present sufficient facts to indicate a culpable state of mind on the part of defendants. See Wilson, 501 U.S. at 297-99.[2]
 
 
 7
 Further, there is no evidence that Swartz was harmed as a result of any delay in treatment. See Shapley, 766 F.2d at 407. Moreover, the condition of Swartz's teeth was not serious enough that it had to be treated as a medical emergency. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982).
 
 
 8
 Accordingly, Swartz has not raised any triable issues of material fact. See Hunt, 865 F.2d at 200. Therefore, we affirm the district court's summary judgment in favor of defendants.
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, appellant's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Swartz was a pretrial detainee at the time of these events, we nevertheless apply the same standard. See Cabrales v. County of Los Angeles, 864 F.2d 1454, 1461 n. 2 (9th Cir.1988), vacated, 490 U.S. 1087 (1989), reinstated, 886 F.2d 235 (9th Cir.1989) (holding that a pretrial detainee's right to be free from punishment is grounded in Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing pretrial detainees' rights)
 
 
 [2]
 Insofar as Swartz contends that there was a prison policy of only offering dental extraction, the same foregoing analysis is applicable
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)