Robbie VIEHMEYER, Plaintiff— Appellant,

v.

CITY OF SANTA ANA; Santa Ana Police Department; Paul M. Walters; K. Graham, # 2156, an individual; R. Castillo, # 1582, an individual; J. Launi, # 1628, an individual; I. Galguera, # 2094, an individual; M. Kuplast, # 1839, an individual; A. Morales, # 1291 an individual; David Reaver, an individual; Adlerhorst International Inc., a California corporation, Defendants—Appellees.

No. 02–56157.

D.C. No. CV–01–00157–DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided June 16, 2003.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before THOMAS and PAEZ, Circuit Judges, and REED, District Judge.*

MEMORANDUM **

Robbie Viehmeyer appeals the district court's grant of summary judgment

* The Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada, sitting by designation.

against him. We affirm in part and reverse in part. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

This case lends fresh meaning to the query "Who let the dogs out?" [1] Viehmeyer, who suffered injuries after being bitten by a police dog, alleges that he was unable to determine the identity of the canine officer who gave the attack orders until after the deadline for amending his pleadings had passed. He alleges that he should have been allowed to amend his pleadings to substitute the proper defendants for the "Doe" defendants he had already named. Under the peculiar circumstances of this case, we agree.

Under Fed.R.Civ.P. 16(b) the district court is empowered to "enter a scheduling order that limits the time to join other parties and to amend the pleadings." The Rule further provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed.R.Civ.P. 16(b)(6). Here, Viehmeyer contends that his various attempts to discern who ordered the attack were thwarted, and that he did not discover the true identity until the periods identified in the scheduling order had expired. In addition, he contends that the commands of Fed.R.Civ.P. 16 must be tempered by California's rule on "Doe" defendants. *See* Cal.Civ.Proc.Code §§ 474; 583.210. Because § 1983 "borrows" the forum state's statute of limitations for personal injury actions, *see Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), Viehmeyer reasons that California substantive law pertaining to the substitution of "Doe" defendants applies. Under California law, when Doe defendants are named in an action, plaintiffs have an additional three years to substitute the unknown defendant. *See* Cal.Civ.Proc.Code § 583.210. This argument has some support. Indeed, we have applied California substantive law in similar circumstances to abrogate the requirements of Fed.R.Civ.P. 15(c). *Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1462–63 (9th Cir.1988), *vacated on other grounds,* 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989), *reinstated by* 886 F.2d 235 (9th Cir.1989).

■ Without resolving this legal question,[2] we conclude that under the totality of the circumstances, including the various impediments that Viehmeyer encountered in determining the officers' identity, Viehmeyer should have been allowed to substitute the officers in question, Quijas, Gonzalez and Blascovich as "Doe" defendants. Thus, we reverse the district court's order granting the defendants' motion to strike the Doe amendment.[3]

## II

■ The district court properly granted summary judgment as to Police Chief Walters and the municipal defendants. There is no evidence in the record that Walters ratified the actions of the individual officers, created a policy or custom that led to

---

1. BAHA MEN, WHO LET THE DOGS OUT? (Artemis Records 2000).

2. We are particularly mindful that, although the issue appears to have been preserved for appeal, Viehmeyer raised this question in only an oblique fashion in the district court. Thus, we cannot fault the district court in any re-

spect for not considering and discussing the issue in its order.

3. Given our resolution of this question, we need not reach the question of whether the district court erred in declining Viehmeyer's discovery requests.

actions taken by them, or personally participated in the incident. Viehmeyer contends that two internal memoranda, which were not authored by Walters, constitute ratification. However, the statements in the memoranda are based on the officer's version of events and do not indicate that the author approved the release of a police dog upon an already handcuffed and prone suspect, as Viehmeyer claims was done in this case. Thus, this situation is quite different from the one involved in *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998).

▮▮▮ To the extent that Viehmeyer's claims against the municipal defendants are grounded in the same theory, they necessarily fail for the same reasons. In addition, Viehmeyer alleges that the municipal defendants' failure to train the canine handlers amounts to actionable deliberate indifference toward the potential violations of suspects' constitutional rights. *See City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). He does not explain what he believes K–9 officers should have been trained to do or not to do in order to avoid the injuries he suffered. *Cf. id.* at 385, 109 S.Ct. 1197 (To establish a municipality's § 1983 liability the plaintiff must demonstrate that "there is a direct causal link between municipal policy or custom and the alleged constitutional deprivation."). As evidenced by the applicable written policy, police officers were clearly trained to use a dog only under specified exigent circumstances, none of which existed in the case of Viehmeyer's arrest as he describes it. In short, Viehmeyer did not tender sufficient evidence to raise a genuine issue of material fact on this question.

### III

The district court properly granted summary judgment against all the individual defendants other than Quijas, Gonzalez and Blascovich. Individual liability under § 1983 may not be grounded in mere membership in a group, some members of which committed constitutional violations; instead, the plaintiff must make a showing of individual participation in the unlawful conduct. *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir.2002); *see also Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.1996) (Officers must be found liable for their "integral participation" in the unlawful conduct-"[b]eing a mere bystander [is] insufficient."). A careful review of the record in this case fails to reveal the requisite showing of individual participation in the unlawful conduct.

Viehmeyer also founds his claim of individual liability on an alleged failure to intervene. He accurately notes that police officers have an affirmative duty to intervene to protect those in custody from constitutional abuses by their fellow officers. *See United States v. Reese*, 2 F.3d 870, 887–88 (9th Cir.1993); *Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir.1991). However, such a duty is not triggered by an officer's mere presence at the scene of the constitutional violation. Instead, the defendant's failure to intervene must have caused the plaintiff's injuries. *See Ting*, 927 F.2d at 1511 (Bystander agents "may be held liable only if they personally deprived [the plaintiff] of a constitutional right by failing to perform an act which they were legally required to do which was the cause in fact of [the plaintiff's] injuries.").

▮▮▮ According to the uncontradicted declarations of the officers, they did not witness the events in the house. Nor, as the district court notes, is there any reason to suppose that the officers, who were not the dog's handler, could have done anything to prevent the dog's attack upon the

plaintiff once it began. Viehmeyer offers no evidence on the point, only speculation. It is insufficient to create a genuine issue of material fact.

IV

■ The district court also properly granted summary judgment to defendants David Reaver and Adlerhorst International. Assuming without deciding that these defendants acted under color of state law, we conclude that Viehmeyer's claims against Reaver fail in any event because he is unable to establish that Reaver's training of the police dog handlers was a proximate cause of his injuries. The thrust of his argument is that Reaver erroneously taught officers that police dogs are not likely to cause serious injuries and are a lower level of force than a baton strike, thus leading officers to deploy canines in situations where the actual level of force represented by the police dog is excessive. Even assuming that this contention is correct, Viehmeyer's claim against Reaver is nonetheless without merit because there is no evidence to indicate that Reaver's training conveyed the impression that it was appropriate to use a dog under the circumstances alleged by Viehmeyer-against a prone and already handcuffed suspect. In fact, Reaver averred as follows:

> I have never trained, suggested or acquiesced in the use of a PSD to bite a criminal suspect that was in custody and under control of the police. In fact, my training includes instruction that such a use of a PSD would be illegal and unconstitutional.

Regardless of whether Reaver is correct in his assessment of the level of force represented by a canine police officer as compared to that of a baton strike, the uncontroverted evidence in this case is that he did not instruct that police could use such force against a handcuffed suspect. Thus, his training could not have been the cause of Viehmeyer's injuries, and Viehmeyer's § 1983 claim against Reaver necessarily fails. Viehmeyer's state law negligence claim against Reaver likewise fails for the same reason.

V

In sum, we affirm the judgment of the district court in all respects, except for the district court's order striking Quijas, Gonzalez and Blascovich as substituted "Doe" defendants. Defendants are awarded their costs on appeal.

AFFIRMED IN PART; REVERSED IN PART.