**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CHRISTOPHER A. JONES, | No. 08-17677 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01088-JCM-GWF |
| v. | |
| DWIGHT NEVEN; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 22, 2010**

Before:    WALLACE, HAWKINS, and THOMAS, Circuit Judges.

Christopher A. Jones ("Jones"), a Nevada state prisoner, appeals pro se from

the district court's summary judgment for defendants in his 42 U.S.C. § 1983

action alleging that they violated his Eighth Amendment rights by exposing him to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

unsafe levels of environmental tobacco smoke ("ETS"), forcing him to sleep on a cell floor with constant illumination and noise from a light fixture, and failing to inform him that he had tested positive for hepatitis C.

The district court converted the defendants' motion to dismiss into a summary judgment motion, but the defendants failed to serve on Jones any of the evidence they submitted in camera in support of the motion. In addition, the district court did not afford Jones an adequate opportunity to obtain and submit rebuttal evidence. In particular, documents that the district court ordered attached to Jones's verified Amended Complaint do not appear in the district court's record. Moreover, the district court denied Jones's motion to stay resolution of summary judgment pending an opportunity for discovery under Rule 56(f) of the Federal Rules of Civil Procedure. Consequently, Jones had no meaningful opportunity to oppose summary judgment. *See Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980) ("Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment."); *see also* Fed. R. Civ. P. 56(f); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc) (setting forth rights of a pro se prisoner faced with summary judgment motion, including right to present rebuttal evidence).

The district court concluded, alternatively, that Jones's claims do not set forth violations of constitutional rights that were clearly established and that therefore defendants were entitled to qualified immunity. The Eighth Amendment rights Jones claims defendants violated, however, were clearly established. *See Helling v. McKinney*, 509 U.S. 25, 34-35 (1993) (ETS exposure can be actionable under § 1983); *Keenan v. Hall*, 83 F.3d 1083, 1089-92 (9th Cir. 1996) (same re excessive noise, 24-hour illumination, and inadequate ventilation); *Broughton v. Cutter Labs*., 622 F.2d 458, 459-60 (9th Cir. 1980) (per curiam) (same re hepatitis treatment); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) ("medically unacceptable" treatment delay can establish deliberate indifference). We decline to consider, in the first instance, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *See Saucier v. Katz*, 533 U.S. 194, 202 (2001).

With the exception of the district court's dismissal without prejudice of Jones's claim for professional negligence, which we affirm, we vacate the district court's order. On remand, the district court shall ensure that the defendants serve on Jones a photocopy of each page of documentary evidence submitted for the district court's consideration. Such service on Jones shall be contemporaneous with the submission of documentary evidence to the district court and shall be

subject to any protective order the district court may choose to enter.  The district court should also grant Jones an opportunity to conduct discovery before it resolves any summary judgment motion.

The clerk shall file Jones's motion to cure deficiency in the record, which is denied as moot.

**VACATED in part, AFFIRMED in part, and REMANDED.**