**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ELLEN J. O'PHELAN, | No. 11-16541 |
| Plaintiff - Appellee, | D.C. No. 1:09-cv-00236-ACK-KSC |
| v. | |
| GERARD DAMIAN LEE LOY, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| BENTON BOLOS and COUNTY OF HAWAII, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior District Judge, Presiding

Submitted October 17, 2012[**]
Honolulu, Hawaii

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gerard Lee Loy appeals the district court's order denying his motion for judgment as a matter of law, denying his Fed. R. Civ. P. 59(e) motion to amend the judgment, and granting O'Phelan's motion for judgment as a matter of law, thereby awarding O'Phelan $1.00 in nominal damages. We affirm.

**1.** The district court properly found that there was substantial evidence to support the jury's findings that Lee Loy had invaded O'Phelan's privacy. Reviewing de novo the denial of a motion for judgment as a matter of law, we will uphold a verdict if it is supported by "substantial evidence." *First Nat. Mortg. Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1067 (9th Cir. 2011).

The evidence presented to the jury included statements that Lee Loy made in a related state court matter, in which he stated that "I got," "I saw," "I see," "I'm looking at," "I do have now"; "[t]he police report which now includes the medical – some [of O'Phelan's] medical records." The jury could have properly relied on this evidence, along with other relevant evidence presented at trial in concluding that Lee Loy had invaded O'Phelan's privacy. While Lee Loy presented evidence at trial to explain his inculpatory statements, the jury was not required to credit that evidence.

**2.** The district judge properly applied Hawaii tort law to the jury's findings on the Special Verdict form and entered judgment in favor of O'Phelan. The Special Verdict "comprise[d] only factual findings," *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003), and Hawaii tort law has adopted the Restatement (Second) of Torts definition of invasion of privacy, which does not require a plaintiff to prove actual damages in order to prevail in the subcategory of "intrusion upon seclusion" at issue here. *See Shahata v. W Steak Waikiki, LLC*, 721 F. Supp. 2d 968, 986 (D. Haw. 2010), *aff'd*, 2012 WL 3634578 (9th Cir. Aug. 24, 2012); Restatement (Second) Torts § 652B (1977). Thus, although the jury found that Lee Loy's improper intrusion of O'Phelan's privacy did not "cause[] [O'Phelan] to sustain injury, damage, loss or harm," the district court correctly determined that O'Phelan was entitled to judgment.

**3.** Relatedly, the district court properly denied Lee Loy's Fed. R. Civ. P. 59(e) motion to amend the judgment. "The denial of a motion under Rule 59(e) to alter or amend the judgment is reviewed for abuse of discretion." *Ta Chong Bank Ltd. v. Hitachi High Technologies Am., Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010). Reconsideration of a judgment after its entry is "an extraordinary remedy." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The district

court "enjoys considerable discretion in granting or denying" a Rule 59(e) motion. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

The district court properly denied Lee Loy's motion to amend the judgment for the same reasons that it denied Lee Loy's motion for judgment as a matter of law. Accordingly, the district court did not abuse its discretion when it denied Lee Loy's Rule 59(e) motion.

**4.** The district court properly granted O'Phelan's motion for judgment as a matter of law, awarding O'Phelan $1.00 in nominal damages. "Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 938-39 (9th Cir. 2009) (internal quotations and citation omitted).

Although O'Phelan did not move for judgment as a matter of law prior to the jury's verdict, the district court properly applied the narrow "plain error" exception. As a general matter, we "strictly adhere to the requirements of [Fed. R. Civ. P.] 50(b), which prohibit a party from moving for judgment as a matter of law after the jury's verdict unless that motion was first presented at the close of evidence." *Image Technical Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1212 (9th Cir. 1997). The only exception to this rule is the plain error doctrine. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1459 (9th Cir. 1988) *cert.*

*granted, judgment vacated*, 490 U.S. 1087 (1989) and *opinion reinstated*, 886 F.2d 235 (9th Cir. 1989). "Only where there is such plain error apparent on the face of the record that failure to review would result in a manifest miscarriage of justice" should such a motion, raised for the first time after judgment, be granted. *Id*.

Here, we agree with the district court's reasoning that because the jury found for O'Phelan on her invasion of privacy claim, but also found that O'Phelan failed to prove compensatory damages, O'Phelan was entitled to nominal damages of $1.00 as a matter of law. Failure to award such damages constituted plain error and the district court properly corrected the error by awarding O'Phelan nominal damages.

**AFFIRMED.**