MEMORANDUM *
Appellant Christopher A. Jones (Jones) challenges the district court’s grant of summary judgment in favor of Defendants in his action alleging that Defendants violated his Eighth Amendment rights by: (1) failing to inform him that he tested positive for hepatitis C; (2) exposing him to unsafe levels of environmental tobacco smoke; and (3) forcing him to sleep on the floor in a constantly illuminated and noisy solitary cell.
“In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show deliberate indifference to his serious medical needs.... ” Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted). To defeat a claim of qualified immunity, a plaintiff must establish a violation of a clearly established constitutional right. See Hamby v. Hammond, 821 F.3d 1085, 1090 (9th Cir. 2016).
1. Viewing the evidence in the light most favorable to Jones, we conclude that genuine issues of material fact exist regarding whether Defendants were deliberately indifferent to his Hepatitis C diagnosis. See Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1247 (9th Cir. 2016). Hepatitis C is a chronic disease that “quite obviously causefs] serious health problems, and can result in death.” Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007), as amended, Jones tested positive for Hepatitis C in February, March, and June, 2004. During that same period, a blood test reflected that Jones’ liver enzyme levels were elevated. Yet, Jones was never informed that he had hepatitis. And, during the same period, Defendant MacArthur prescribed Jones 800mg of ibuprofen three times a day, which posed a significant risk of liver damage to a person with Hepatitis C. According to Jones, the ibuprofen made him “sick as a dog!” A reasonable jury could find that Defendants’ disregard for Jones’ Hepatitis C, and the contraindicated ibuprofen prescriptions caused Jones “the unnecessary and wanton infliction of pain.” Colwell, 763 F.3d at 1066 (citation omitted).
Nor were Defendants entitled to qualified immunity on this claim. In Jones’ previous appeal, we held that the rights at issue in this case were clearly established, such that a reasonable official would have known that his actions were unconstitutional. See Jones v. Neven, 399 Fed.Appx. 203, 205 (9th Cir. 2010). We reverse the grant of summary judgment in favor of Defendants on this claim.
*493 2, The district court properly granted summary judgment in favor of Defendants on Jones’ claim regarding his exposure to environmental tobacco smoke. Jones failed to adequately allege that he was “exposed to unreasonably high levels of ETS.” Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Jones only alleged that his cellmate was a “heavy smoker.” The phrase “heavy smoker” used by Jones lacks the specificity reflected in Helling, where the plaintiff alleged that his cellmate was a “five-pack-a day smoker.” 509 U.S. at 35, 113 S.Ct. 2475. We affirm the grant of summary judgment in favor of Defendants on this claim.
3. Defendants were entitled to qualified immunity on Jones’ conditions of confinement claim based on his sleeping arrangements. We recently clarified that there is no clear legal guidance “on whether mattress deprivation [requiring sleeping on a concrete floor] was an Eighth Amendment violation.” Chappell v. Mandeville, 706 F.3d 1052, 1060 (9th Cir. 2013). Therefore, the Defendants were not “on notice” that depriving Jones of a mattress or bed for four days was “clearly unlawful.” Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).
4. Defendants were entitled to qualified immunity on Jones’ conditions of confinement claims based on the constant lighting in his cell for a period of ninety-six hours. To be sure, exposing prisoners to “constant illumination” is unconstitutional. Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996), as amended on denial of reh’g, 135 F.3d 1318 (9th Cir. 1998). However, it was not clearly established in 2006 that subjecting a prisoner to illumination for four days violated the Eighth Amendment. See Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000) (holding that “modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing”) (citing Keenan, 83 F.3d at 1090-91).
AFFIRMED IN PART, REVERSED IN PART. Each Party to bear its costs of appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.