**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| S. A. THOMAS; E. L. GIPSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF LOS ANGELES, <br><br> Defendant-Appellee. | Nos. 14-56183 <br> 15-55418 <br><br> D.C. No. <br> 2:04-cv-08448-DDP-SH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted June 7, 2017
Pasadena, California

Before: LIPEZ,[**] BEA, and HURWITZ, Circuit Judges.

Steven Thomas and Eric Gipson, both former inmates at the Los Angeles

County Men's Central Jail (the "County jail"), filed this putative class action under

42 U.S.C. § 1983 against now-retired Los Angeles County Sheriff Leroy Baca and

six former members of the Los Angeles County Board of Supervisors in both their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

official and individual capacities. The plaintiffs allege that at various times between December 2002 and May 2005, the putative class members were forced to sleep on mattresses placed on the floor while in custody at the County jail. They allege that this "mattress-floor-sleeping" violated their rights under the Eighth and Fourteenth Amendments.

After the district court certified the plaintiff class, the parties filed cross-motions for summary judgment. The district court granted the plaintiffs' motion in part, ruling that the County had an unconstitutional policy of requiring inmates to sleep on the floor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). But it also granted Sheriff Baca qualified immunity. Then, following the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), the district court granted Sheriff Baca's motion to decertify the class.

Thomas and Gipson, the two named plaintiffs, went to trial on their individual claims and were each awarded $10,000 by a jury. The district court then awarded the plaintiffs $384,275 in attorneys' fees and $45,994.99 in litigation costs. The plaintiffs timely appealed, challenging the district court's decertification order, its award of attorneys' fees and costs, its grant of qualified immunity to Sheriff Baca, and its denial of various other motions which the plaintiffs filed throughout the pendency of this ten-year litigation. We now affirm.

**1.** The district court did not abuse its discretion by decertifying the

2

plaintiff class. The district court reasonably concluded that the putative class failed to meet the commonality requirement of Federal Rule of Civil Procedure 23(b)(3) because the damages suffered by individual class members were insufficiently similar to be established through representative testimony about "what it was like to sleep on the floors" at the County jail.[1] *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). It also reasonably concluded that the putative class failed to meet Rule 23(b)(3)'s manageability requirement because the plaintiffs presented no viable method of identifying and providing notice to the class, which was estimated to consist of at least one million members. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1200 (9th Cir. 2008).

2.      The district court also did not abuse its discretion by awarding the plaintiffs attorneys' fees of $384,275 and costs of $45,994.99. Although the district court perhaps could have given greater weight to the plaintiffs' initial success on their class certification motion,[2] it nonetheless gave "a concise but clear explanation of its reasons" for reducing the amounts claimed by plaintiffs ($7,090,000 in fees

---

[1] As the district court stated, "a class member who slept on the floor of a clean cell, with bedding, is unlikely to be entitled to the same . . . damages as one who slept without bedding on a wet, unsanitary floor at the mercy of vermin."

[2] At oral argument, however, the plaintiffs' counsel conceded that she "really didn't spend that much time getting the class certified." Or. Arg. at 8:53–9:01.

and $84,463 in costs)—which is all that we require of an award of attorneys' fees and costs. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

**3.**     Nor did the district court err by granting qualified immunity to Sherriff Baca. It was not "clearly established" between December 2002 and May 2005 that forcing inmates to sleep on the floor *with mattresses* violated the Eighth and Fourteenth Amendments. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

True, as the plaintiffs point out, we have held that a pretrial detainee's "uncontroverted allegation that he was provided with neither a bed *nor even a mattress* unquestionably constitutes a cognizable Fourteenth Amendment claim." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1448 (9th Cir. 1989), *overruled on other grounds by Bull v. City & Cty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (en banc). Here, however, the plaintiffs were provided with mattresses, so *Thompson* is not directly on point.[3] Indeed, the only on-point authority cited by the plaintiffs is

---

[3] Moreover, unlike in *Thompson*, the plaintiffs here were both pretrial detainees (to whom the Fourteenth Amendment applies) and convicted prisoners (to whom the Eighth Amendment applies). *See Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). As we have previously noted in an unpublished decision, "[o]ur holding [in *Thompson*] that a prison official's failure to provide a mattress or bed for a pre-trial detainee . . . violated the Fourteenth Amendment . . . does not support [the] argument that [convicted prisoners] ha[ve] a similar, clearly-established right under the Eighth Amendment." *Schroeder v. Kaplan*, 60 F.3d 834 (9th Cir. 1995); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1055, 1057, 1060 (9th Cir. 2013) (holding that it was not clearly established in 2002 that forcing a prisoner to sleep "without a mattress" but with "a bed and a blanket" violated the Eighth Amendment); *Jones v. Neven*, 678 F. App'x 490, 493 (9th Cir. 2017) (unpublished) (same).

4

a 1978 case in which a district court found that forcing inmates "to sleep on mattresses on the concrete floor of [a] cell" violated the Eighth and Fourteenth Amendments. *Rutherford v. Pitchess*, 457 F. Supp. 104, 109 (C.D. Cal. 1978). This single district-court decision was insufficient to put a reasonable official in Sheriff Baca's position on notice that floor-sleeping violates the Eighth and Fourteenth Amendments. *See S.B. v. Cty. of San Diego*, --- F. 3d. ----, No. 15-56848, 2017 WL 1959984, at *6 (9th Cir. May 12, 2017) (rejecting the argument that "two district court decisions" clearly established a plaintiff's claimed right under the Fourth Amendment in part because "district court decisions—unlike those from the courts of appeals—do not necessarily settle constitutional standards" (internal citations and quotation marks omitted)).[4]

**4.** Finally, the district court's disposition of the parties' other miscellaneous motions does not warrant reversal. *First*, the district court did not err by granting judgment on the pleadings for the Los Angeles County supervisor defendants as to the plaintiffs' official-capacity claims against them, because those

---

[4] We also note that given our affirmance of the district court's decertification order, no prejudice will result to the plaintiffs from our affirmance of the district court's grant of qualified immunity to Sheriff Baca. Even if a judgment for the plaintiffs were entered against Sheriff Baca, the County would likely have an obligation to indemnify him, and the plaintiffs have already been awarded a money judgment against the County. *See* Cal. Gov't Code § 825 (providing for indemnification of a public employee by his or her employer for claims "arising out of an act or omission occurring within the scope of his or her employment").

claims were duplicative of the plaintiffs' official-capacity claims against Sheriff Baca. *Second*, although the district court erred by substituting the County as the defendant when Sheriff Baca left office—it should have substituted Sheriff Baca's successor, Sheriff John Scott—this error did not "affect[] the parties' substantial rights" and hence "must be disregarded." Fed. R. Civ. P. 25(d). *Third*, the district court did not abuse its discretion by denying without explanation two motions filed by the plaintiffs which were pending at the time of its final judgment.[5]

**AFFIRMED.**[6]

---

[5] The first motion, a March 2007 motion to hold Sheriff Baca in contempt for his alleged failure to keep records of floor-sleeping as required by an order entered by the district court in 2005, was mooted by the district court's decertification order. The second motion, a June 2011 motion to consolidate this action with two others, was properly denied because the asserted similarity between the three actions—that they all involved classes of plaintiffs who alleged that they had been forced to sleep on the floor at the County jail—no longer held following the decertification of the plaintiff class here. *See* Fed. R. Civ. P. 42 (providing that a court "may" consolidate two or more actions if they "involve a common question of law or fact").

[6] The plaintiffs also appeal the district court's disposition of "eight sanctions motions," of which the district court "denied four . . ., failed to rule on two . . ., and 'vacated' two." In support of their position, the plaintiffs offer the following single sentence of argument: "[T]he district court abused its discretion by its erroneous assessment of the evidence that, as to each such motion, the misconduct sought to be sanctioned had not occurred, and the district court always refused to impose any sanction." Because the plaintiffs' appeal with respect to these eight sanctions motions was not "specifically and distinctly argued in [their] opening brief," it is waived. *Laboa v. Calderon*, 224 F.3d 972, 985 (9th Cir. 2000) (internal citations and quotation marks omitted).