**Josefina CABRALES,**
**Plaintiff–Appellant,**

v.

**COUNTY OF LOS ANGELES; Ronald**
**Black, Defendants–Appellees.**

No. 90–55990.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 1991.

Decided June 7, 1991.

▮

Marion R. Yagman, Stephen Yagman, Yagman & Yagman, P.C., Venice, Cal., for plaintiff-appellant.

Kevin C. Brazile, Sr. Deputy County Counsel, Los Angeles, Cal., for defendants-appellees.

Before KOZINSKI and O'SCANNLAIN, Circuit Judges, and McNAMEE *, District Judge.

KOZINSKI, Circuit Judge:

Josefina Cabrales won her civil rights lawsuit; she has a $150,000 jury award to prove it. En route to her ultimate victory, however, Cabrales suffered a temporary setback when the Supreme Court granted certiorari, vacated her judgment and remanded for reconsideration in light of a recent case. We consider whether she is entitled to attorney's fees for her unsuccessful opposition to that certiorari petition.

### Facts

Cabrales sued Los Angeles County and several County employees ("the County") under 42 U.S.C. § 1983 for the death of her son, Sergio Alvarez Cabrales, who committed suicide while a pretrial detainee in County jail. The jury awarded her $150,000 and the district court entered judgment on the award.

Cabrales moved for attorney's fees pursuant to 42 U.S.C. § 1988, and was awarded $152,284.75. The County appealed both the jury verdict and the district court's award of attorney's fees. We affirmed, *Cabrales v. County of Los Angeles*, 864 F.2d 1454 (9th Cir.1988), and subsequently awarded her $48,576.75 in attorney's fees for the appeal. *Cabrales v. County of Los Angeles*, 875 F.2d 740 (9th Cir.1989).

More dissatisfied than ever, the County filed a petition for certiorari to the United States Supreme Court. The Supreme Court granted the petition, vacated our judgment and remanded the case for further consideration in light of *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). *County of Los Angeles v. Cabrales*, 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989). On remand, we considered *Harris* and found it inapposite; we reinstated our original decision affirming the district court's judgment. *Cabrales v. County of Los Angeles*, 886 F.2d 235 (9th Cir.1989). The County's second petition for certiorari was mercifully denied. *County of Los Angeles v. Cabrales*, — U.S. ——, 110 S.Ct. 1838, 108 L.Ed.2d 966 (1990).

Cabrales then moved before the Supreme Court for attorney's fees incurred in oppos-

ing both petitions. The Supreme Court denied the motion without prejudice to renewal in the district court, *County of Los Angeles v. Cabrales,* — U.S. ——, 110 S.Ct. 2615, 110 L.Ed.2d 637 (1990); Cabrales did so. The district court awarded her $3,125.00 on the second petition but nothing on the first. The district court reasoned that, even though Cabrales ultimately prevailed on the precise issue presented by the first petition, she was not entitled to fees because that petition was resolved against her as the Supreme Court had granted certiorari.

Cabrales filed this appeal from the district court's denial of attorney's fees reasonably incurred in opposing the first certiorari petition.

## Standard of Review

While awards of attorney's fees pursuant to 42 U.S.C. § 1988 are generally reviewed for abuse of discretion, *see Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), "any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable *de novo.*" *Hall v. Bolger,* 768 F.2d 1148, 1150 (9th Cir.1985). Here, the district court denied fees solely because it considered itself legally precluded from doing so; we therefore review de novo.

## Discussion

In cases brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The parties agree that Cabrales ultimately prevailed in her civil rights action. However, the County argues that to receive attorney's fees under section 1988 for a particular stage of litigation, a party must have prevailed at that very stage. According to the County, Cabrales is therefore not entitled to attorney's fees in connection with

her unsuccessful opposition to the first petition for certiorari.

The County's approach is not supported by Supreme Court and Ninth Circuit precedent. In *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court considered whether the district court could grant attorney's fees for time expended on claims that ultimately bore no fruit. *Id.* at 432, 103 S.Ct. at 1938. The Court stated that a prevailing plaintiff was not entitled to compensation for attorney's fees for time expended unsuccessfully pursuing claims unrelated to those on which plaintiff ultimately prevailed. *Id.* at 434–35, 103 S.Ct. at 1939–40. However, the Court went on to hold that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id.* at 440, 103 S.Ct. at 1943.

We read *Hensley* as establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims. *See id.* at 435, 103 S.Ct. at 1940. We analogize from *Hensley's* discussion of different claims to the different stages of litigation at issue here. Just as time spent on losing claims can contribute to the success of other claims, time spent on a losing stage of litigation contributes to success because it constitutes a step toward victory.[1]

Our analysis is consistent with *N.A.A. C.P. v. City of Richmond,* 743 F.2d 1346 (9th Cir.1984). In that case, plaintiff lost on summary judgment in the district court but prevailed on appeal. *Id.* at 1349. We held that plaintiff was entitled to attorney's fees not only for the appeal, but for the proceedings in the trial court where it

---

1. Of course, had Cabrales filed the petition for certiorari requesting additional relief, she would not be entitled to attorney's fees unless she ultimately prevailed on the issue raised by

that petition. *See Toussaint v. McCarthy, II,* 826 F.2d 901, 904 n. 3 (9th Cir.1987); *Akbar v. Fairman,* 788 F.2d 1273, 1279 (7th Cir.1986).

had lost. *Id.* at 1358–59. The rationale is clear: If a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim—even though she may have suffered some adverse rulings. Here, although the Supreme Court vacated our judgment, the Court's order was simply a temporary setback on the way to a complete victory for plaintiff.

### Conclusion

Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning. The County would have us scalpel out attorney's fees for every setback, no matter how temporary, regardless of its relationship to the ultimate disposition of the case. This makes little sense.

We hold, instead, that a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage. Accordingly, we reverse the judgment of the district court and remand for determination of the County's liability under 42 U.S.C. § 1988 for Cabrales' opposition to appellees' first petition for certiorari. Because Cabrales is the prevailing party in this appeal, the district court will also determine the County's liability for reasonable attorney's fees before us, as well as for any fees reasonably incurred during the proceedings on remand.

REVERSED AND REMANDED.