989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard A. DUNCAN; Lorraine J. Duncan, Plaintiffs-Appellants,
v.
VILLAGE OF MIDDLEFIELD, Defendant-Appellee.
 No. 92-4088.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1993.
 
 Before: MILBURN, and RYAN, Circuit Judges, and COFFIN, Senior Circuit Judge.*
 
 ORDER
 
 1
 Plaintiffs, who are pro se Ohio residents, appeal a district court judgment granting defendant's motion for attorney's fees pursuant to 42 U.S.C. § 1988. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive, and declaratory relief, plaintiffs sued the Village of Middlefield, Ohio pursuant to 42 U.S.C. § 1983 alleging that a zoning ordinance deprived them of their constitutional right to use their property in accordance with their desires without compensation. The district court granted summary judgment for defendant on the grounds that the complaint was barred by Ohio's applicable statute of limitations and by the doctrine of issue preclusion. The judgment was affirmed on appeal on different grounds, and we specifically held that res judicata did not bar plaintiffs' claim. Duncan v. Village of Middlefield, No. 91-3341 (6th Cir. Dec. 30, 1991).
 
 
 3
 Defendant then filed a motion for attorney's fees pursuant to § 1988 in the sum of $18,096.81. Although plaintiffs opposed defendant's request, the district court granted defendant's motion for the full amount. In their timely appeal, plaintiffs raise numerous arguments. In addition, they have moved for an order staying the judgment pending appeal, for an order transferring five state court files to this court, for an order changing this court's previous decision, and for oral argument.
 
 
 4
 An award of attorney's fees under § 1988 is generally reviewed under the abuse of discretion standard. However, any element of the legal analysis and statutory interpretation in the district court decision is reviewed de novo. See Cabrales v. County of Los Angeles, 935 F.2d 1050, 1052 (9th Cir.1991); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Christian v. Belcher, 888 F.2d 410, 417 (6th Cir.1989). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. Black Law Enforcement Officers Ass'n v. City of Akron, 824 F.2d 475, 479 (6th Cir.1987).
 
 
 5
 Upon review, we conclude that remand is necessary because the district court has not furnished a sufficient explanation of its reasons for concluding that plaintiffs' action was frivolous. It appears from the district court's memorandum of opinion that the court relied entirely on what it mistakenly thought was our finding in a previous appeal of this case, Duncan v. Village of Middlefield, No. 91-3341 (6th Cir. Dec. 20, 1991) (per curiam), viz., that principles of res judicata barred plaintiffs from obtaining relief. In fact, the language relied on by the district court came from a previous district court memorandum. We only quoted it for the purposes of disagreeing with it, for we stated, "[W]e do not believe this claim was barred by either the statute of limitations or the doctrine of res judicata....," id., slip op. at 3. We then affirmed, but only on other grounds.
 
 
 6
 Accordingly, we vacate and remand the award of attorney's fees, for proceedings consistent with this order, and deny the remaining requests for relief. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank M. Coffin, Senior U.S. Circuit Judge for the First Circuit, sitting by designation