James E. HOLLMAN, in his capacity as Guardian ad litem for Vo Minh Tan, a minor child, Plaintiff—Appellee,

v.

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, Defendant—Appellant.

No. 00–16963.

D.C. No. CV–00–012–ARM.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2002.[*]

Decided July 16, 2002.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before WALLACE, TASHIMA, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Plaintiff–Appellee James Hollman filed an action for declaratory judgment challenging the constitutionality of Commonwealth of the Northern Mariana Islands ("CNMI") Public Law No. 11–105, which permitted the CNMI Superior Court to appropriate and expend interest accruing from trust accounts administered by that court. At the time, Hollman was acting as guardian *ad litem* of a minor claimant in a pending CNMI probate proceeding, whose interests in the probate property would have been affected by the law's implementation. The district court granted Hollman's motion for summary judgment, striking down the law on constitutional grounds. The district court also awarded Hollman attorney's fees under 42 U.S.C. § 1988. The CNMI appeals only from the fee award and not from the underlying judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

CNMI's contends that the district court erred in awarding attorney's fees under § 1988 because Hollman never stated a viable claim under 42 U.S.C. § 1983.[1] Under § 1988, the court may award attorney's fees to a "prevailing party" in a § 1983 action. Section 1983, in turn, creates liability for "persons" who, while acting "under color" of state or territorial law, deprive citizens or other persons of rights, privileges, or immunities secured by the Constitution or federal law.[2] We have held that the CNMI is not a "person," as that term is defined in § 1983. *See DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir.1992). A § 1983 action is permissible, however, against a territorial official for prospective relief. *See Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1371 (9th Cir.1992).

Thus, the dispositive issue is whether this case is properly characterized as an action against the CNMI itself or against CNMI officials. The district court held that even though Hollman named the CNMI as the sole defendant, the action was effectively an action against CNMI officials to prevent them from enforcing Public Law No. 11–105. The CNMI contends that because Hollman named only the CNMI as a defendant, a claim under § 1983 cannot be enforced against it.

We agree with the CNMI. The law is quite clear: a litigant cannot bring a § 1983 action against the CNMI. *DeNieva*, 966 F.2d at 483. Although it is true that Hollman could have brought an action for prospective relief against CNMI officials, he did not do so. The fact that it might

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. We review the district court's award of attorney's fees under 42 U.S.C. § 1988 for an abuse of discretion. *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir.1995). We review *de novo* any elements of legal analysis that figure in the district court's decision. *Cab-*

*rales v. County of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir.1991).

2. Section 1983 applies to CNMI as a self-governing territory through § 502 of the Covenant of the Northern Mariana Islands in Political Union with the United States of America. *See Magana v. N. Mariana Islands*, 107 F.3d 1436, 1439 (9th Cir.1997).

have been clear which CNMI officials would have been subject to a suit for prospective relief does not relieve Hollman of the requirement that he, in fact, name the proper defendants. Because Hollman failed to satisfy this requirement, the district court erred in enforcing § 1983 against the CNMI. Hollman cites no case in support of his contrary position.

The fact that Hollman might have been able to amend his pleadings does not affect this result. To begin with, contrary to the district court's suggestion, this is not a case in which an amendment under Federal Rule of Civil Procedure 15(b) would have been appropriate. Rule 15(b) expressly authorizes amendments of the pleadings "as may be necessary to cause them to conform to the evidence and to raise ... issues" actually presented "by express or implied consent of the parties." Fed.R.Civ.P. 15(b). Here, there was no new evidence revealed during the course of the litigation that would have warranted amendment. Rather, this was simply a case in which Hollman failed to plead his § 1983 cause of action in the manner dictated by well-established precedent.

Moreover, even if Hollman could have moved to substitute parties under Federal Rule of Civil Procedure 21, he did not do so. Correction of a defect in parties must be specifically raised, rather than simply suggested, as it was here in Hollman's motion for attorney's fees. *See* 7 Charles A. Wright et al., *Federal Practice and Procedure* § 1688, at 502–03 (2001). In addition, because prejudice to a non-moving party will defeat a Rule 21 motion, *see Sable Communications of Cal., Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 191 n. 13 (9th Cir.1989), it was improper for the district court to have proceeded in the fashion it did without permitting the potential CNMI official-defendants to raise any arguments regarding prejudice. Thus, even assuming

*arguendo* that Hollman could have moved to amend his complaint to name CNMI officials in lieu of the CNMI itself, it was error for the district court to relieve him of the obligation to do so.

For the foregoing reasons, the district court's order awarding attorney's fees to Hollman is

REVERSED.[3]

---

3. Hollman's motion to late-file his Appellee's Brief is denied.