

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RALPH NADER; DONALD N. DAIEN,<br><br>　　　　　Plaintiffs - Appellants,<br><br>　　v.<br><br>KENNETH BENNETT**, in his official capacity as Secretary of State of Arizona,<br><br>　　　　　Defendant - Appellee. | No. 09-16840<br><br>D.C. No. 2:04-cv-01699-FJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted November 30, 2010
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

Ralph Nader and Donald Daien appeal from the district court's attorney's

fee order, filed pursuant to 42 U.S.C. §1988(b) granting fees in the amount of

---

[*]　　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　　Kenneth Bennett is substituted for his predecessor, Janice Brewer, as Secretary of State of Arizona. Fed. R. App. P. 43(c)(2).

$136,237. This is the third time that the case has been before this court. The first time, we affirmed the district court's denial of a preliminary injunction. *Nader v. Brewer*, 386 F.3d 1168 (9th Cir. 2004). Then, after development of the full record and briefing on appeal from the final judgment, we held that appellants were entitled to prevail on their claim that the Arizona election laws were unconstitutional. *Nader v. Brewer*, 531 F.3d 1028 (9th Cir. 2008).

Appellants now contend that the amount of the district court's fee award was too low in three respects. First, they argue that the district court applied too low an hourly rate by failing to apply the *Kerr* factors that have been utilized by this court. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The district court, however, considered all the materials that the appellants asked the court to consider, and the materials reflected the prevailing rates for attorneys in Arizona; appellants did not ask the district court to consider any additional factors that might be appropriate under *Kerr*. Appellants may have wanted the district court to choose the highest rate reflected in their statistics, but the district court did not abuse its discretion by selecting a rate more toward the median. *See Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1095 (9th Cir. 2002) ("We review awards made pursuant to 42 U.S.C. § 1988 for an abuse of discretion.").

Appellants also contend that the district court erred by failing to take into account the time that appellants' counsel spent pursuing the unsuccessful preliminary injunction appeal. The district court denied fees for that time because, as it reasoned, the injunction was denied on account of the appellants' delay in seeking preliminary relief. The court thus looked to the reason for the loss in considering whether the fees should be awarded. Under our law, however, fees are awardable for work that contributed to the ultimate success of the litigation, regardless of the reasons for any temporary defeats. *See Cabarles v. Cnty. of Los Angeles*, 935 F.2d 1050 (9th Cir. 1991). It is not clear whether the district court awarded fees for all of the hours that contributed to the eventual victory. We therefore remand for the district court to reconsider the denial of fees for the hours spent in the unsuccessful effort to obtain a preliminary injunction.

The appellants also challenge the district court's reduction of their request for travel fees and travel expenses. A district court has broad discretion to award reasonable travel fees and travel expenses. *See Davis v. Mason Cnty.*, 927 F.2d 1473, 1487 (9th Cir. 1991). A number of the expenses were questionable on their face, and plaintiffs did not provide any explanation or justification. The district court's reductions were not an abuse of discretion.

3

**REMANDED** in part and **AFFIRMED** in part.  Each party to bear its own costs.