**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHURCH OF THE HOLY LIGHT OF THE QUEEN; et al., | No. 09-35770 |
| Plaintiffs - Appellees, | D.C. No. 1:08-cv-03095-PA |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted July 13, 2011[**]
Portland, Oregon

Before: PREGERSON, WARDLAW, and M. SMITH, Circuit Judges.

The United States appeals from the district court's Amended Judgment. The

government does not challenge the district court's conclusion that an outright

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prohibition on the importation of Daime tea by the Church of the Holy Light of the Queen violates the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb to 2000bb-4. Instead, the government challenges only the scope of the district court's injunction, which in part enjoins the government from enforcing certain regulations and corresponding statutory provisions set forth in the Controlled Substances Act (CSA), 21 U.S.C. §§ 801-904. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the injunction and remand.

While "[a] district court has considerable discretion in fashioning suitable relief and defining the terms of an injunction," *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991), "[t]here are limitations on this discretion; an injunction must be narrowly tailored to give only the relief to which plaintiffs are entitled," *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 558 (9th Cir. 1990). "Injunctive relief . . . must be tailored to remedy the specific harm alleged. An overbroad injunction is an abuse of discretion." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009) (internal citation omitted) (quoting *Lamb-Weston*, 941 F.2d at 974) (omission in original). The plaintiffs repeatedly represented to the court and in discovery that they were not challenging any CSA regulations and had "not alleged in the Complaint that the CSA violates their rights." The injunction is therefore overly broad because it reaches beyond the scope of the complaint and enjoins government regulations that were explicitly

never challenged or litigated.  *See Stormans,* 586 F.3d at 1141; *Meinhold v. U.S. Dept. of Defense*, 34 F.3d 1469, 1480 (9th Cir. 1994); *Thomas v. Cnty. of Los Angeles*, 978 F.2d 504, 510 (9th Cir. 1992).

The injunction is vacated, and the case is remanded with instructions for the district court to fashion an injunction limited in scope to its conclusion that the government failed to show that its interests justify prohibiting outright the Church's importation of Daime tea solely for use at Church ceremonies.  In other words, the injunction should not reach more conduct than that which the district court held violated RFRA.

**VACATED** and **REMANDED**.