**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 02 2012



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RALPH NADER; DONALD N. DAIEN,

        Plaintiffs - Appellants,

    v.

KENNETH BENNETT, in his official
capacity as Arizona Secretary of State,

        Defendant - Appellee.

No. 11-15548

D.C. No. 2:04-cv-01699-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted January 11, 2012[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

    Plaintiffs-appellants Ralph Nader and Donald Daien appeal from the district

court's order denying attorney's fees for hours spent seeking a preliminary

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

injunction.  This is the fourth time that the case has been before this court.  *See Nader v. Brewer*, 386 F.3d 1168 (9th Cir. 2004); *Nader v. Brewer*, 531 F.3d 1028 (9th Cir. 2008); *Nader v. Bennett*, 407 Fed. App'x 190 (9th Cir. 2010).  Our most recent decision affirmed the district court's order in part, and remanded in part for the district court to determine whether "hours spent in the unsuccessful effort to obtain a preliminary injunction" counted toward "all of the hours that contributed to the eventual victory," and therefore qualified for the fee award.  407 Fed. App'x at 191.

Upon remand, appellants had the burden to produce records to establish the number of hours that contributed to the ultimate victory on the merits.  *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  Appellants did not produce such records.  The district court relied on its earlier conclusion that the preliminary injunction effort was a dilatory strategy meant to force a hasty decision, and that it did not contribute to the ultimate victory on the merits.  The court did not abuse its discretion in finding that the hours spent litigating the motion for preliminary injunction and the appeal of the order denying the preliminary injunction "did not contribute to the ultimate victory in the lawsuit."

**AFFIRMED**.