**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

AUG 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHURCH OF THE HOLY LIGHT OF
THE QUEEN; JONATHAN GOLDMAN,
individually and as Spiritual Leader of the
"Santo Daime Church"; JACQUELYN
PRESTIDGE; MARY ROW, M.D.;
MIRIAM RAMSEY; ALEXANDRA
BLISS YEAGER; SCOTT FERGUSON,
members of the Santo Daime Church,

        Plaintiffs - Appellants,

  v.

ERIC H. HOLDER, Jr., Attorney General;
KARIN J. IMMERGUT, United States
Attorney, District of Oregon; HENRY M.
PAULSON, Secretary of the U.S.
Department of Treasury,

        Defendants - Appellees.

No. 13-35058

D.C. No. 1:08-cv-03095-PA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted July 9, 2014
Portland, Oregon

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before:  PREGERSON, PAEZ, and WATFORD, Circuit Judges.

Church of the Holy Light of the Queen et al.  ("Church of the Holy Light")
appeal the district court's denial of their request for attorney's fees for work
conducted on appeal.  We have jurisdiction under 28 U.S.C § 1291.  We reverse
and remand.

The district court held that the government violated the Religious Freedom
Restoration Act ("RFRA") when it prohibited Church of the Holy Light's
ceremonial use of Daime tea under the Controlled Substances Act.  The district
court issued an injunction that enjoined the government from prohibiting or
interfering with Church of the Holy Light's religious use of Daime tea.  The
injunction also established guidelines for Church of the Holy Light's importation,
distribution, and use of Daime tea.  The government filed an appeal challenging the
breadth of the injunction and the district court's finding that the government's
conduct violated the RFRA.

After the government filed the appeal, Church of the Holy Light engaged in
extensive lobbying and negotiations to persuade the government to drop or limit its
appeal.  The government ultimately limited its appeal to challenging only the
breadth of the injunction.  We held that the injunction exceeded "the scope of the

2

complaint and enjoins government regulations that were explicitly never challenged or litigated." *Church of Holy Light of the Queen v. Holder*, 443 F. App'x 302, 303 (9th Cir. 2011). On remand, the district court entered an injunction that matched Church of the Holy Light's original prayer for relief and enjoined the government from prohibiting Church of the Holy Light's importation, storage, distribution, and use of the Daime tea for ceremonial purposes.

Church of the Holy Light sought attorney's fees in district court for the work completed on appeal pursuant to the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. The district court denied the application for attorney's fees because Church of the Holy Light unsuccessfully defended the only issue on appeal—the breadth of the original injunction.

We review the district court's denial of attorney's fees for abuse of discretion. *Richard S. v. Dep't of Dev. Servs.*, 317 F.3d 1080, 1085 (9th Cir. 2003). A district court abuses its discretion if its denial is "based on an inaccurate view of the law or a clearly erroneous finding of fact." *Corder v. Gates*, 947 F.2d 374, 377 (9th Cir. 1991). "Elements of legal analysis and statutory interpretation that figure into the district court's attorney's fees decision are reviewed de novo." *Richard S.*, 317 F.3d at 1086.

Because Church of the Holy Light is the prevailing party overall, the district court abused its discretion in denying attorney's fees. Section 1988(b) authorizes an award of attorney's fees to a prevailing party in an action brought to enforce the RFRA. Here, it is undisputed that Church of the Holy Light is the prevailing party overall. The government, however, argues that "although plaintiffs 'were prevailing parties in the case overall, it is clear that nothing associated with the appeal contributed to any favorable result achieved by the litigation.'"

Church of the Holy Light is the prevailing party because the district court's final injunction "'materially alter[ed] the legal relationship between the parties' in a manner that was meaningful and substantial." *Friend v. Kolodzieczak*, 72 F.3d 1386, 1390 (9th Cir. 1995) (alteration in original) (quoting *Farrar v. Hobby*, 506 U.S. 103, 113-14 (1992)). Moreover, this court's order that the district court narrow the injunction did not detract from Church of the Holy Light's success. Rather, the district court's final injunction was a favorable outcome because the injunction satisfied Church of the Holy Light's prayer for relief.

"Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. . . . [L]osing is part of winning." *Cabrales v. Cnty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991). In awarding attorney's fees, the district court should consider "the significance of the overall relief obtained by the

4

plaintiff," and "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Here, Church of the Holy Light "succeeded on the most significant issue of litigation—they proved that their civil rights had been violated." *Rivera v. City of Riverside*, 763 F.2d 1580, 1582 (9th Cir. 1985). Church of the Holy Light obtained an injunction prohibiting the government's unconstitutional conduct. Church of the Holy Light's work on appeal was "a necessary step to ultimate victory," and Church of the Holy Light is "entitle[d] to attorney's fees even for the unsuccessful stage" of litigation. *Cabrales*, 935 F.2d at 1053.

"'[A] court's discretion to deny fees under § 1988 is very narrow and . . . fee awards should be the rule rather than the exception.'" *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008) (quoting *Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989)). The district court abused its discretion in denying any attorney's fees for Church of the Holy Light's efforts to persuade the government to either not appeal, or to narrow the focus of any appeal, because "[t]o deny an award of attorney's fees notwithstanding Plaintiff's clear victory on one of his claims for relief is an abuse of discretion." *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005). There is nothing inappropriate or unreasonable in attempting to persuade one's opponent not to appeal. Whether the

5

time expended in such an endeavor in this case was reasonable should be decided by the district court on remand.

Because the district court should have awarded Church of the Holy Light attorney's fees, we reverse and remand to the district court to determine reasonable attorney's fees for the Church of the Holy Light's work related to the government's appeal of the original injunction.

**REVERSED and REMANDED.**

*Church of the Holy Light of the Queen v. Holder*, No. 13-35058

WATFORD, Circuit Judge, dissenting:

The district court didn't abuse its discretion by denying plaintiffs fees for work performed on the unsuccessful appeal. I would affirm.

This case is no different from the following hypothetical. Let's say a plaintiff prevails at trial by winning an award of compensatory and punitive damages. The defendant challenges only the award of punitive damages on appeal and wins outright by getting the entire punitive damages award reversed. On remand, the plaintiff is still the prevailing party in the case as a whole, having secured a judgment in her favor for compensatory damages, which still stands. And the plaintiff would undoubtedly be entitled to an award of attorney's fees for work performed in the trial court. But all would agree, I assume, that the district court could permissibly deny fees for work performed on the unsuccessful appeal, since the appeal contributed nothing to the plaintiff's ultimate victory, and in fact resulted in the scope of the plaintiff's initial victory being cut back.

That's precisely what happened here. Plaintiffs won in the district court and obtained an injunction of considerable breadth. On appeal, the government didn't challenge plaintiffs' entitlement to an injunction; it just asked to have the breadth of the injunction cut back. Our court agreed with the government. We vacated the original injunction and remanded for entry of a new injunction commensurate with

what the government had proposed. In doing so we rejected each of plaintiffs' attempts to defend the broader injunction they had initially won.

On remand, plaintiffs were still the prevailing parties, and they were entitled to an award of attorney's fees for the work performed in the district court. They got that, to the tune of almost $1.2 million. I suppose the district court could have awarded fees for the appeal as well, if it had found that work on the appeal contributed in at least an indirect way to preservation of the injunctive relief ultimately obtained. But the district court instead found, quoting *Clark v. City of Los Angeles*, 803 F.2d 987, 993 (9th Cir. 1986), that "although plaintiffs 'were prevailing parties in the case overall, it is clear that nothing associated with the appeal contributed to any favorable result achieved by the litigation.'" Given that finding, which the majority doesn't contest, I don't see how we can say the district court abused its discretion by denying fees for the appeal.