*458 MEMORANDUM *
Church of the Holy Light of the Queen et al. (“Church of the Holy Light”) appeal the district court’s denial of their request for attorney’s fees for work conducted on appeal. We have jurisdiction under 28 U.S.C § 1291. We reverse and remand.
The district court held that the government violated the Religious Freedom Restoration Act (“RFRA”) when it prohibited Church of the Holy Light’s ceremonial use of Daime tea under the Controlled Substances Act. The district court issued an injunction that enjoined the government from prohibiting or interfering with Church of the Holy Light’s religious use of Daime tea. The injunction also established guidelines for Church of the Holy Light’s importation, distribution, and use of Daime tea. The government filed an appeal challenging the breadth of the injunction and the district court’s finding that the government’s conduct violated the RFRA.
After the government filed the appeal, Church of the Holy Light engaged in extensive lobbying and negotiations to persuade the government to drop or limit its appeal. The government ultimately limited its appeal to challenging only the breadth of the injunction. We held that the injunction exceeded “the scope of the complaint and enjoins government regulations that were explicitly never challenged or litigated.” Church of Holy Light of the Queen v. Holder, 443 Fed.Appx. 302, 303 (9th Cir.2011). On remand, the district court entered an injunction that matched Church of the Holy Light’s original prayer for relief and enjoined the government from prohibiting Church of the Holy Light’s importation, storage, distribution, and use of the Daime tea for ceremonial purposes.
Church of the Holy Light sought attorney’s fees in district court for the work completed on appeal pursuant to the Civil Rights Attorney’s Fees Awards Act, 42 U.S.C. § 1988. The district court denied the application for attorney’s fees because Church of the Holy Light unsuccessfully defended the only issue on appeal — the breadth of the original injunction.
We review the district court’s denial of attorney’s fees for abuse of discretion. Richard S. v. Dep’t of Dev. Servs., 317 F.3d 1080, 1085 (9th Cir.2003). A district court abuses its discretion if its denial is “based on an inaccurate view of the law or a clearly erroneous finding of fact.” Corder v. Gates, 947 F.2d 374, 377 (9th Cir.1991). “Elements of legal analysis and statutory interpretation that figure into the district court’s attorney’s fees decision are reviewed de novo.” Richard S., 317 F.3d at 1086.
Because Church of the Holy Light is the prevailing party overall, the district court abused its discretion in denying attorney’s fees.. Section 1988(b) authorizes an award of attorney’s fees to a prevailing party in an action brought to enforce the RFRA. Here, it is undisputed that Church of the Holy Light is the prevailing party overall. The government, however, argues that “although plaintiffs ‘were prevailing parties in the case overall, it is clear that nothing associated with the appeal contributed to any favorable result achieved by the litigation.’ ”
Church of the Holy Light is the prevailing party because the district court’s final injunction “ ‘materially alter[ed] the legal relationship between the parties’ in a man *459 ner that was meaningful and substantial.”' Friend v. Kolodzieczak, 72 F.3d 1386, 1390 (9th Cir.1995) (alteration in original) (quoting Farrar v. Hobby, 506 U.S. 103, 113-14, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). Moreover, this court’s order that the district court narrow the injunction did not detract from Church of the Holy Light’s success. Rather, the district court’s final injunction was a favorable outcome because the injunction satisfied Church' of the Holy Light’s prayer for relief.
“Rare, indeed, is the litigant who doesn’t lose some skirmishes on the way to winning the war.... [LJosing is part of winning.” Cabrales v. Cnty. of Los Angeles, 935 F.2d 1050, 1053 (9th Cir.1991). In awarding attorney’s fees, the district court should consider “the significance of the overall relief obtained by the plaintiff,” and “[wjhere a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.” Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Here, Church of the Holy Light “succeeded on the most significant issue of litigation — they proved that their civil rights had been violated.” Rivera v. City of Riverside, 763 F.2d 1580, 1582 (9th Cir.1985). Church of the Holy Light obtained an injunction prohibiting the government’s unconstitutional conduct. Church of the Holy Light’s work on appeal was “a necessary step to ultimate victory,” and Church of the Holy Light is “entitle[d] to attorney’s fees even for the unsuccessful stage” of litigation. Cabrales, 935 F.2d at 1053.
“ ‘[A] court’s discretion to deny fees under § 1988 is very narrow and ... fee awards should be the rule rather than the exception.’” Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1126 (9th Cir.2008) (quoting Herrington v. Cnty. of Sonoma, 883 F.2d 739, 743 (9th Cir.1989)). The district court abused its discretion in denying any attorney’s fees for Church of the Holy Light’s efforts to persuade the government to either not appeal, or to narrow the focus of any appeal, because “[t]o deny an award of attorney’s fees notwithstanding Plaintiffs clear victory on one of his claims for relief is an abuse of discretion.” Thomas v. City of Tacoma, 410 F.3d 644, 649 (9th Cir.2005). There is nothing inappropriate or unreasonable in attempting to persuade one’s opponent not to appeal. Whether the time expended in such an endeavor in this case was reasonable should be decided by the district court on remand.
Because the district court should have awarded Church of the Holy Light attorney’s fees, we reverse and remand to the district court to determine reasonable attorney’s fees for the Church of the Holy Light’s work related to the government’s appeal of the original injunction.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.