June 29, 2021

**Supreme Court**

No. 2019-11-M.P.
(A.A. 13-133)

Michael J. Beagan :

v. :

Rhode Island Department of Labor and :
    Training, Board of Review et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Michael J. Beagan :

v. :

Rhode Island Department of Labor and :
Training, Board of Review et al.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.** This case came before the Supreme Court after we granted a request from the petitioner, Michael Beagan, for a writ of certiorari. Mr. Beagan seeks review of a District Court order that denied his request for attorneys' fees pursuant to G.L. 1956 § 28-44-57(c) after he successfully appealed a denial of unemployment benefits. For the reasons set forth in this opinion, we quash the order of the District Court and remand for further proceedings consistent with this opinion.

**Facts and Procedural History**

The facts of this case may be familiar to the reader. These parties previously appeared before this Court when Mr. Beagan successfully challenged the denial of unemployment benefits by the respondent, the Rhode Island Department of Labor and Training (DLT). *Beagan v. Rhode Island Department of Labor and Training*,

162 A.3d 619 (R.I. 2017). We repeat the underlying facts necessary to give the reader context for this decision.

In 2013, one day after receiving a written warning for insubordinate behavior, Mr. Beagan posted disparaging comments on Facebook about his employer. *Beagan*, 162 A.3d at 622. His manager read the comments and concluded that Mr. Beagan had written the post while he was on his deliveries, a violation of company policy. *Id.* at 622-23. His employer terminated Mr. Beagan that same day. *Id.* at 623.

Mr. Beagan filed a claim for unemployment benefits with DLT. Through its director, DLT found that Mr. Beagan was disqualified from receiving benefits and thus denied his application for benefits.

Mr. Beagan unsuccessfully appealed the director's decision to the appeal tribunal at DLT and to the District Court. However, Mr. Beagan was undeterred and sought review in this Court. We granted certiorari and determined that "the record does not contain legally competent evidence to support a finding that [Mr.] Beagan's conduct was connected to his work[.]" *Beagan*, 162 A.3d at 627.[1] We therefore quashed the decision of the District Court and directed that court to enter judgment

---

[1] To determine whether Mr. Beagan was disqualified from receiving benefits, we considered in *Beagan v. Rhode Island Department of Labor and Training*, 162 A.3d 619 (R.I. 2017), "(1) whether there was an act of proven misconduct; and (2) whether the misconduct was connected to the employee's work" under G.L. 1956 § 28-44-18(a). *Beagan*, 162 A.3d at 627 (footnote omitted).

"reversing the board and ordering that [Mr.] Beagan be awarded unemployment benefits." *Id.* at 629.

On remand, the District Court duly entered an order consistent with our decision. Mr. Beagan filed a motion in this Court for attorneys' fees and costs incurred related to the review of DLT's denial of benefits in this Court; we awarded his attorney $25,000 plus costs for his work on that matter by order dated September 25, 2017.

Mr. Beagan had also filed a petition for counsel fees in the District Court pursuant to § 28-44-57 for work performed in the appeal to that court from DLT. In the District Court, Mr. Beagan argued that, because his appeal of the District Court's decision to this Court resulted in an award of benefits, his counsel was entitled to reasonable fees and costs incurred in presenting the appeal to the District Court. He also argued that his attorney should be compensated at a rate in excess of the $175-per-hour rate set by the District Court for unemployment benefits appeals.

After a conference in the District Court regarding the petition for fees, Mr. Beagan submitted a supplemental memorandum in support of his contention that § 28-44-57 entitled him to fees for his appeal to that court. Specifically, he argued that he was, in fact, awarded benefits in the District Court because a judgment ultimately entered in his favor there. Mr. Beagan then submitted a supplemental

petition for fees for the time his attorney had spent on the supplemental memorandum.

DLT objected, arguing that, pursuant to § 28-44-57(c)(2)(iii), Mr. Beagan's counsel would be entitled to fees and costs in litigating before the District Court only if Mr. Beagan had been awarded benefits by that court. DLT also argued that the entry of judgment pursuant to this Court's opinion was "merely * * * ministerial * * * for which no fee should be allowed[.]" Alternatively, DLT argued that if the magistrate judge decided to award fees, it should be at the $175-per-hour rate set by the District Court.

The chief judge of the District Court denied Mr. Beagan's motion to "exceed the billing parameters previously set forth" by the District Court and referred the remaining issue to a magistrate judge for consideration.

The magistrate judge analyzed the plain meaning of § 28-44-57(c)(2)(iii) and concluded that Mr. Beagan was not entitled to attorneys' fees for work performed by his attorney in the District Court. The chief judge adopted the magistrate judge's findings and recommendations and denied Mr. Beagan's petition for attorneys' fees. Thereafter, Mr. Beagan filed a petition for writ of certiorari to this Court, which we granted on September 6, 2019.

This case presents the following principal question for consideration: Where an attorney represents an unemployment benefits claimant in an unsuccessful appeal

- 4 -

to the District Court, but subsequently prevails in this Court, does § 28-44-57(c)(2)(iii) entitle the attorney to fees and costs for the proceedings in the District Court?[2]

**Attorneys' Fees Under § 28-44-57(c)(2)(iii)**

"We review questions of statutory interpretation *de novo*." *Park v. Ford Motor Company*, 844 A.2d 687, 692 (R.I. 2004). "When this Court engages in statutory construction, 'our ultimate goal is to give effect to the purpose of the act as intended by the Legislature.'" *Powers v. Warwick Public Schools*, 204 A.3d 1078, 1085 (R.I. 2019) (quoting *State v. Whiting*, 115 A.3d 956, 958 (R.I. 2015)). "In that pursuit, this Court has stated that 'it is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings.'" *Id.* at 1086 (brackets omitted) (quoting *Whittemore v. Thompson*, 139 A.3d 530, 540 (R.I. 2016)). "[W]e must 'consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections.'" *Id.* (quoting *Ryan v. City of Providence*, 11 A.3d 68, 71 (R.I.

---

[2] We note that Mr. Beagan cites § 28-44-57(c)(2)(ii) in his memorandum before this Court; however, he developed no argument related to that subsection before this Court, and he conceded during oral argument that he would only be entitled to attorneys' fees, if at all, under § 28-44-57(c)(2)(iii).

Similarly, Mr. Beagan conceded during oral argument that the propriety of the hourly rate, as determined by the chief judge of the District Court, also is not before this Court.

2011)). Moreover, when construing a statute that is remedial in nature, "we will construe the statute liberally to effectuate its purposes." *In re Tavares*, 885 A.2d 139, 146 (R.I. 2005).

The applicable statute, titled "Fees and costs chargeable[,]" states:

> "(a) No individual claiming benefits shall be charged fees of any kind by the director or his or her representative, or by the board of review or its representatives, in any proceeding under chapters 42–44 of this title. Any individual claiming benefits in any proceeding or court action may be represented by counsel or other duly authorized agent. The director shall have the authority to fix the fees of that counsel or other duly authorized agent, but no counsel or agent shall together be allowed to charge or receive for those services more than ten percent (10%) of the maximum benefits at issue in that proceeding or court action but not less than fifty dollars ($50.00) except as specifically allowed by the superior court.
>
> "(b) In any case in which either an employer appeals from a determination in favor of the claimant or a claimant successfully appeals a decision unfavorable to the claimant to an appeals body other than a court of law and the claimant retains an attorney-at-law to represent him or her, the attorney shall be entitled to a counsel fee of ten percent (10%) of the amount of benefits at issue before the appeals body but not less than two hundred fifty dollars ($250), which shall be paid by the director out of the employment security administrative funds, within thirty (30) days of the date of his or her appearance.
>
> "(c)(1) An attorney-at-law who represents an individual claiming benefits on an appeal to the courts shall be entitled to counsel fees upon final disposition of the case and necessary court costs and printing disbursements as fixed by the court.

"(2) The director shall pay those counsel fees, costs, and disbursements out of the employment security administrative funds in each of the following cases:

"(i) Any court appeal taken by a party other than the claimant from an administrative or judicial decision favorable in whole or in part to the claimant;

"(ii) Any court appeal by a claimant from a decision denying or reducing benefits awarded under a prior administrative or judicial decision;

"(iii) Any court appeal as a result of which the claimant is awarded benefits." Section 28-44-57.

DLT asserts that the "clear and unambiguous language" of § 28-44-57(c)(2)(iii) does not permit Mr. Beagan to collect for time and expenses devoted to proceedings "other than the proceedings at 'which the claimant is awarded benefits.'" (Quoting § 28-44-57(c)(2)(iii).) DLT contends that, looking at the statute in its entirety, the General Assembly intended attorneys' fees to be paid "per proceeding and not for all or some proceedings in furtherance of obtaining an ultimate victory[.]" Furthermore, DLT points out, Rhode Island has other fee-shifting statutes; therefore, DLT argues that if the General Assembly desired § 28-44-57(c)(2)(iii) to permit the award of fees and costs for unsuccessful lower court appeals, the General Assembly would have drafted this statute as it did those other statutes. Finally, DLT makes a policy argument that, should this Court adopt Mr. Beagan's reading of the statute, attorneys would be "incentivized" to file petitions for a writ of certiorari because they would receive fees for all of their

- 7 -

"losing efforts" before reaching this Court, which would "create a financial hardship to Rhode Island's unemployment system[.]"

Interpretation of § 28-44-57(c)(2)(iii) is a matter of first impression for this Court. We agree with DLT's contention that the language of § 28-44-57(c)(2)(iii) is clear and unambiguous. However, we disagree with the conclusion DLT draws from the language of subsection (c)(2)(iii) because its interpretation ignores subsection (c)(1). We read the statute as a whole, as we must, and consider subsection (c)(2)(iii) in the context of the complete statutory scheme. Reading subsections (c)(1) and (c)(2) together, it is clear that "appeal" within subsection (c)(2)(iii) does not mean only the specific proceeding at which the claimant is awarded benefits.

We begin by examining the clear language of § 28-44-57(c)(1), which creates an entitlement to attorneys' fees and costs upon final disposition of a case. The language "on an appeal to the courts" signifies that one case may travel through more than one court during the course of appellate review.

We also consider § 28-44-57(c)(2), which directs DLT to the source of funds for those fees and costs upon final disposition of a case on appeal to the courts. Subsection (c)(2) also delineates the specific instances under which DLT must pay attorneys' fees: Under subsections (c)(2)(i) and (ii), a claimant is entitled to attorneys' fees to protect previously awarded benefits, while subsection (c)(2)(iii)

- 8 -

allows a claimant to collect attorneys' fees when the claimant is awarded benefits. The three subsections of § 28-44-57(c)(2) all require the claimant to be successful at some stage in the litigation in order to receive attorneys' fees. This reflects the General Assembly's intent to aid the unemployed, but also protects the employment security administrative funds by not requiring DLT to pay attorneys' fees for unsuccessful appeals.

Moreover, § 28-44-57 is a remedial statute. By the language of § 28-44-57(a), the statute prohibits DLT from charging fees to those claiming employment benefits. Section 28-44-57(b) directs DLT to pay limited counsel fees for certain appeals to an appeals body other than a court of law. These provisions clearly demonstrate the General Assembly's intent to protect the unemployed. *Cf. Arnold v. Rhode Island Department of Labor and Training Board of Review*, 822 A.2d 164, 168 (R.I. 2003) (discussing the purpose of the Employment Security Act while construing § 28-44-57(b)). Therefore, we must liberally construe this statute to give effect to the General Assembly's intent. *In re Tavares*, 885 A.2d at 146. To limit access to attorneys' fees under DLT's interpretation of the statute would limit an unemployed person's access to legal counsel in a way that the General Assembly did not intend.

Thus, construing the remedial statute at issue in this case, we conclude that "appeal" within § 28-44-57(c)(2)(iii) encompasses lower court proceedings on the

- 9 -

claimant's path to receiving benefits.[3]  As such, DLT's observation that the General

Assembly has enacted other fee-shifting statutes is of no moment, as is DLT's policy

argument that the interpretation the Court adopts today will "create a financial

hardship to Rhode Island's unemployment system[.]"  We will not, nor are we able

to, consider this argument when construing the statute at issue. *See Chambers v.*

*Ormiston*, 935 A.2d 956, 965 (R.I. 2007) ("The role of the judicial branch is not to

make policy, but simply to determine the legislative intent as expressed in the

statutes enacted by the General Assembly.").

We close by noting that § 28-44-57(c)(1) directs when attorneys are permitted

to petition the court for fees, specifically, "upon final disposition of the case[.]"  By

the clear language of § 28-44-57(c)(1), and logically, there can be only one final

disposition; thus, any petition for fees should be submitted at one time "upon final

disposition" to the fact-finding tribunal for the reasonableness of the petitioned-for

fees to be determined.  We make an exception today for Mr. Beagan to apply for

fees in the District Court, although he previously applied for and was awarded fees

---

[3] To be clear, we do not consider Mr. Beagan to be successful in the District Court simply because an order, favorable to Mr. Beagan, entered in that court at this Court's instruction.  Such an interpretation is illogical.  If Mr. Beagan was, in fact, successful in the District Court, there would have been no need for him to seek review in this Court.

- 10 -

in this Court, because until our decision today the law was not clear on this procedural point.[4]

## Conclusion

For the foregoing reasons, we quash the order of the District Court and remand for further proceedings consistent with this opinion. The record in this case may be returned to that court.

---

[4] Such a procedure is consistent with the United States Supreme Court's handling of attorneys' fees. *See County of Los Angeles v. Cabrales*, 496 U.S. 924 (1990) (denying a motion for attorneys' fees without prejudice for the motion to be renewed in the District Court); *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1050-51 (9th Cir. 1991) (discussing the procedural history of the case that resulted in a petition for attorneys' fees made in the United States Supreme Court).



STATE OF RHODE ISLAND

# SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Michael J. Beagan v. Rhode Island Department of Labor and Training, Board of Review et al. |
| **Case Number** | No. 2019-11-M.P.<br>(A.A. 13-133) |
| **Date Opinion Filed** | June 29, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Sixth Division District Court |
| **Judicial Officer from Lower Court** | Magistrate Joseph P. Ippolito, Jr. |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Richard A. Sinapi, Esq. |
| | For Respondent:<br><br>Sean M. Fontes, Esq. |