NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARCONA, INC., a California corporation, | No. 21-55678 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-07058-ODW-JPR |
| v. | |
| FARMACY BEAUTY, LLC, a New Jersey limited liability company; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 9, 2022**
San Francisco, California

Before: LEE and BUMATAY, Circuit Judges, and MOLLOY,*** District Judge.

Arcona, Inc. sued Farmacy Beauty for counterfeiting its eye cream based on

the use of the trademarked term "EYE DEW" on its skincare products. The district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

court granted summary judgment for Farmacy, holding that a reasonable consumer would not confuse Farmacy's skincare product with Arcona's product. We affirmed and held "that a counterfeit claim requires a showing of likelihood of confusion." *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1079 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2800 (2021). Farmacy then moved for attorneys' fees and costs under the Lanham Act. *See* 15 U.S.C. § 1117(a). The district court found this case to be exceptional and awarded Farmacy $504,382.42 in attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291 and review the grant of attorney's fees for abuse of discretion. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam). We affirm.

1. The district court did not abuse its discretion in holding that this case was "exceptional" under the Lanham Act. 15 U.S.C. § 1117(a). To determine whether a case is "exceptional," district courts "should examine the totality of the circumstances," using the preponderance of the evidence standard. *SunEarth*, 839 F.3d at 1180–81 (internal quotation marks omitted). They may exercise equitable discretion and consider nonexclusive factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case)[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1081 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014)).

2

The district court did not apply the rule in a way that "was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018) (citation omitted). Rather, the court considered the totality of the circumstances and focused on the frivolousness and objective unreasonableness of the case. Although Arcona's interpretation of the federal trademark statute was not "disingenuous" and "absurd," as the district court found, we had "repeatedly held" before Arcona's suit that the plain language of the statute requires a likelihood of confusion for a trademark infringement claim. *Arcona*, 976 F.3d at 1079. Despite this guidance, Arcona failed to demonstrate any likelihood of confusion. The district court's reasoning was therefore not an abuse of discretion. *See Ass'n of California Water Agencies v. Evans*, 386 F.3d 879, 883 (9th Cir. 2004) ("A district court abuses its discretion if its [fee award] decision is based on an erroneous conclusion of law or if the record contains no evidence on which it rationally could have based its decision.").

Contrary to Arcona's assertion, the company could not have reasonably relied on a presumption of confusion. As we explained, *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1056 (9th Cir. 1999), "has no bearing on this case" because the products there appeared identical—but that is not the case here. *Arcona*, 976 F.3d at 1080. Other cases relied upon by Arcona are plainly distinguishable. *See Louis Vuitton Mallertier, S.A. v. Akanoc Sols., Inc.*, 658

F.3d 936, 945 (9th Cir. 2011) (holding that district court's instruction to the jury that "the presumption [of confusion] arises when intent to cause confusion is coupled with the use of a counterfeit mark or a mark virtually identical to a previously registered mark" was an accurate formulation of the law); *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 432 (9th Cir. 2017) (explaining that "identical marks paired with identical goods can be case-dispositive").

2. The district court did not abuse its discretion in calculating an award that substantially reduced Farmacy's attorneys' fees request. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157 (9th Cir. 2002). District courts may exclude from the fee requests any hours that are 'excessive, redundant, or otherwise unnecessary,'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)), and may rely "on their own knowledge of customary rates and their experience concerning reasonable and proper fees," *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). Here, the district court reviewed thousands of time entries, reviewed attorney declarations, reduced individual attorneys' hours, eliminated paralegal hours, and "applie[d] a 25% reduction across-the-board on all hours billed by Farmacy's attorneys for excessive billing." It did so because the amount of time spent performing tasks was "unnecessary" due to "the substantial experience of the attorneys" and "the simplicity of the issues." Arcona nevertheless argues that the district court did not

4

reduce Farmacy's hours enough, but this "is precisely the kind of assessment that is entitled to considerable deference because of the district court's superior understanding of the litigation." *Welch*, 480 F.3d at 949 (internal quotation marks omitted).

The district court also did not abuse its discretion by including attorneys' fees for Farmacy's non-infringement and cancellation of Arcona's registration claims. The court may award attorneys' fees for "services that contribute to the ultimate victory in the lawsuit." *Cabrales v. Cty. of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991). "Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." *Id.* Arcona points to no authority that prohibits the district court from acting as it did, nor does the Lanham Act prohibit awards to the prevailing party attorneys' fees for counterclaims. *See* 15 U.S.C. § 1117(a); *cf. Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000) (prevailing party may recover fees for both Lanham Act and non-Lanham Act claims if "the Lanham Act claims and non-Lanham Act claims are so intertwined that it is *impossible to differentiate* between" them (emphasis in original) (internal quotation marks omitted)).

Arcona's assertion that "the district court did not provide reasoning to justify the award" is meritless. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up

5

with the amount. The explanation need not be elaborate, but it must be comprehensible.").  The district court gave a "comprehensible" explanation for its reductions and ultimate award, which provide substantially more than a "bald, unsupported amount." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014).

**AFFIRM.**